The STATE of Ohio, Appellee,

v.

MILLER, Appellant.

[Cite as *State v. Miller* (1991), 76 Ohio App.3d 311.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–178.

Decided Nov. 15, 1991.

*Dean Mandross*, for appellee.

*Richard Kerger* and *Jessica Christy*, for appellant.

*Per Curiam.*

This case is an appeal from a judgment of the Lucas County Court of Common Pleas. Appellant, Morgan A. Miller, is appealing the denial of his petition for post-conviction relief. The pertinent facts of this case are as follows. On December 29, 1983, Miller was indicted on several counts involving two separate robberies of an Arby's Restaurant on November 19, 1983 and on December 14, 1983. During one of the robberies, a police officer was shot and wounded. At trial, Miller raised the defense of alibi and attempted to show that Joseph Clark, who was in custody on unrelated murder and robbery charges, in fact committed the crimes in which Miller was charged. On June 18, 1984, Miller was convicted on one count of felonious assault with a firearm specification and on one count of aggravated robbery with a firearm specification. The trial court imposed consecutive sentences of imprisonment on both counts.

On July 3, 1984, Miller filed a notice of appeal raising as his sole assignment of error ineffective assistance of counsel. On July 19, 1985, this court affirmed Miller's conviction and sentence.

On November 12, 1985, Miller filed a motion for a new trial on the ground of newly discovered evidence. The trial court denied Miller's motion for a new trial and on May 28, 1987, this court affirmed the lower court's decision.

On February 13, 1990, Miller filed a petition for post-conviction relief with the trial court. On May 22, 1990 the trial court dismissed the petition on the grounds that Miller's claims involved issues which were raised or could have been raised at trial or on appeal and, therefore, such claims were barred by the doctrine of *res judicata*.

It is from the dismissal of his petition for post-conviction relief, that Miller raises the following two assignments of error:

"A. The court erred in denying Miller's post-conviction petition as Miller received ineffective assistance of counsel on appeal and at trial.

"B. The court erred by denying Miller's post-conviction petition as res judicata. Constitutional concerns outweigh the interest in judicial finality."

In that both assignments of error are interrelated, they will be addressed together.

■■■■ In general a defendant is barred from raising from a final judgment of conviction " 'any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial * * * or on an appeal*' " in a petition for post-conviction relief. (Emphasis *sic.*) *State v. Cole* (1982), 2 Ohio St.3d 112, 113, 2 OBR 661, 662, 443 N.E.2d 169, 170 quoting *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. However, exceptions to this general rule have been made when a defendant raises a claim of ineffective assistance of counsel. *Cole, supra,* 2 Ohio St.3d at 113–114, 2 OBR at 662–663, 443 N.E.2d at 170–171. Because a defendant has a constitutional right to the effective assistance of counsel on his or her first appeal as of right, *Evitts v. Lucey* (1985), 469 U.S. 387, 394, 105 S.Ct. 830, 834–835, 83 L.Ed.2d 821, a claim of ineffective assistance of counsel may be sufficient to avoid the application of the principles of *res judicata* in a post-conviction relief proceeding. See *State v. Miller* (1988), 44 Ohio App.3d 42, 541 N.E.2d 105.

In the present case, Miller argues both in his petition for post-conviction relief and on this appeal that appellate counsel in his direct appeal was ineffective for failing to raise the following errors on appeal: (1) that the trial court erred in prohibiting the defense from calling Clark, (2) that the trial court erred in striking a police officer's testimony concerning Clark's confession, (3) that the trial court erred in failing to grant a continuance to procure the appearance of a defense alibi witness, (4) that the trial court erred in refusing to strike identification testimony during a hearing on a motion to suppress, and (5) that the trial court erred in imposing consecutive sentences. Miller also argues that although ineffective assistance of trial counsel was raised as an assignment of error on his direct appeal, appellate counsel failed to raise the following grounds in order to establish such an assignment of error: (1) that trial counsel failed to obtain a defense witness's appearance who would establish Miller's alibi, (2) that trial counsel failed to object to identification testimony during a hearing on the motion to suppress, (3) that trial counsel failed to introduce ballistic test results of Clark's weapon and the projectile removed from the wounded officer, and (4) that trial counsel failed to point out that defendant is left-handed and that the evidence shows that the robber was right-handed. Finally, Miller argues that appellate counsel was ineffective in presenting his appeal from the trial court's denial of his motion for a new trial.

■■■ Upon review of the record, this court would note that counsel on Miller's direct appeal did argue that trial counsel was ineffective for failing to introduce ballistic reports involving Clark's weapon and the projectile removed

from the wounded officer. Such argument was rejected by this court in our decision of July 19, 1985. Further, Miller fails to give any specific reason why appellate counsel was ineffective in arguing the appeal from the denial of a motion for a new trial. Therefore, we find that the trial court properly dismissed these claims on the basis of *res judicata.*

As to the remaining claims, Miller has presented sufficient grounds to avoid dismissal on the principles of *res judicata.* This court makes no determination as to whether Miller's arguments are sufficient to meet the burden of proving ineffective assistance of appellate counsel as enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and *State v. Smith* (1985), 17 Ohio St.3d 98, 100, 17 OBR 219, 220, 477 N.E.2d 1128, 1130. However, we do remand the present cause to the trial court to consider whether Miller has satisfied the burden under *Strickland* and *Smith,* which was not addressed by the trial court because of its dismissal of Miller's petition on the basis of *res judicata.* Specifically, we remand the present case to the trial court to consider whether Miller's appellate counsel in his direct appeal was ineffective for failing to raise the following errors: (1) that the trial court erred in prohibiting the defense from calling Clark, (2) that the trial court erred in striking a police officer's testimony concerning Clark's confession, (3) that the trial court erred in failing to grant a continuance to procure the appearance of a defense alibi witness, (4) that the trial court erred in refusing to strike identification testimony during a hearing on a motion to suppress, and (5) that the trial court erred in imposing consecutive sentences. Further, we remand the present cause to the trial court to consider whether appellate counsel was ineffective for failing to raise the following grounds to establish ineffective assistance of trial counsel: (1) that trial counsel failed to obtain a defense witness's appearance who would establish Miller's alibi, (2) that trial counsel failed to object to identification testimony during a hearing on a motion to suppress, and (3) that trial counsel failed to point out that defendant is left-handed and that the evidence shows that the robber was right-handed. Accordingly, Miller's first and second assignments of error are found well taken in part and not well taken in part.

On consideration whereof the judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. This cause is remanded to said court for further proceedings not inconsistent with this decision.

*Judgment affirmed in part, reversed in part and cause remanded.*

GLASSER, ABOOD and SHERCK, JJ., concur.