[Cite as *State v. McGraw*, 2012-Ohio-174.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96606

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN A. MCGRAW

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534815

**BEFORE:** Keough, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 19, 2012

**ATTORNEY FOR APPELLANT**

Regis E. McGann
600 Standard Building
1370 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Kevin R. Filiatraut
        Kristin Karkutt
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113


KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, John A. McGraw ("McGraw"), appeals his sentence and the trial court's judgment denying his post-sentencing motion to withdraw his guilty plea.   For the reasons that follow, we affirm.

{¶ 2} In March 2010, McGraw was indicted under a seven-count indictment pertaining to a homicide and high speed chase that occurred thereafter. Count 1 charged McGraw with aggravated murder (prior calculation and design), in violation of R.C. 2903.01(A); Count 2 charged aggravated murder (felony murder, kidnapping), in violation of R.C. 2903.01(B); and Count 3 charged aggravated murder (felony murder, aggravated burglary), in violation of R.C. 2903.01(B). All of the aggravated murder counts contained three death penalty specifications.

{¶ 3} Count 4 charged McGraw with kidnapping in violation of R.C. 2905.01(A)(3); Count 5 charged aggravated burglary in violation of R.C. 2911.11(A)(1); and Counts 6 and 7 charged failure to comply with order or signal of police, in violation of R.C. 2921.331(B).

{¶ 4} The case proceeded to a capital jury trial where, on the fourth day of jury selection, McGraw entered into a plea agreement. Pursuant to the plea agreement, the State dismissed all of the capital specifications attendant to Count 1, aggravated murder. McGraw pled guilty to Count 1, aggravated murder; Count 5, aggravated burglary; and Count 7, failure to comply with order or signal of police. The State nolled all other counts. On February 18, 2011,[1] the trial court sentenced McGraw to 30 years to life on the aggravated

---

[1] The statutes and applicable law cited herein are those that were in effect on March 1, 2010 and February 18, 2011 when McGraw committed the offenses and was sentenced. They do not

murder charge, 10 years on the aggravated burglary charge, and 5 years on the failure to comply count, all to be served consecutively, for a total aggregate term of 45 years to life in prison.

{¶ 5} McGraw, pro se, filed his notice of appeal on March 30, 2011. Subsequently, on May 25, 2011, McGraw moved to withdraw his guilty plea, which the trial court denied on June 6, 2011. No notice of appeal was taken from the judgment entry denying McGraw's post-conviction motion.

I.

{¶ 6} In his first assignment of error, McGraw contends that the trial court abused its discretion when it imposed consecutive sentences without adequate justification and that the sentence is contrary to law because the record does not reflect that the court considered the seriousness and recidivism factors.

{¶ 7} Appellate courts must apply a two-step approach when reviewing a defendant's sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.

reflect any modifications that may have occurred as a result of House Bill 86, effective September 20, 2011. See R.C. 1.58.

If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *Id.*

{¶ 8} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at ¶ 100. Indeed, *Foster* severed those sections of the Revised Code that required trial courts to make findings of fact before sentencing an offender to maximum or consecutive sentences. *Id.* at paragraphs one and three of the syllabus. The Supreme Court recently upheld *Foster* in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768.

{¶ 9} McGraw does not challenge that he received a term of imprisonment, but challenges that consecutive sentences lacked justification. We find that McGraw's sentence was within the statutory range for his convictions; thus, in light of *Kalish*, no findings or reasons for imposing a consecutive sentence were required.

{¶ 10} In *Kalish*, the Supreme Court explained that "[a]lthough *Foster* eliminated mandatory judicial fact-finding for upward departures from the minimum, it left intact R.C. 2929.11 and 2929.12. The trial court must still

consider these statutes." *Id.* at ¶ 13, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 11} R.C. 2929.11 and 2929.12 "are not fact-finding statutes." *Kalish* at ¶ 17. "Instead, they serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence. In considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. Moreover, R.C. 2929.12 explicitly permits a trial court to exercise its discretion in considering whether its sentence complies with the purposes of sentencing." *Id.* "Therefore, assuming the trial court has complied with the applicable rules and statutes, the exercise of its discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion pursuant to *Foster*." *Id.*

{¶ 12} In *Kalish*, the Supreme Court also made clear that even after *Foster*, "where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." *Id.* at fn. 4, citing *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus.

{¶ 13} R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future

crime by the offender and others and to punish the offender." R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." And R.C. 2929.12 sets forth factors concerning the seriousness of the offense and recidivism factors.

{¶ 14} Although the court is no longer required to make findings on the record to justify its sentence, the record in this case demonstrates that the court considered the applicable factors and principles contained in R.C. 2929.11 and 2929.12, including recidivism factors and the need to punish the offender.

{¶ 15} At sentencing, the trial court received a sentencing memoranda from the State, heard statements from the victim's family, and considered mitigation arguments by McGraw's attorney and father. Additionally, the trial court also considered McGraw's allocution, which included statements of remorse, acceptance of responsibility, and an apology to the victim's family.

{¶ 16} In sentencing McGraw, the trial judge stated that he considered all the factors, finding that the crime was horrific, but recognizing and giving credence to McGraw's military service to this country. The record before this

court demonstrates that the trial court weighed all the factors; therefore, McGraw's sentence was not contrary to law or an abuse its discretion.

{¶ 17} Accordingly, McGraw's first assignment of error is overruled.

II.

{¶ 18} In his second assignment of error, McGraw contends that the trial court abused its discretion and erred when it denied his motion to withdraw his post-sentencing plea.

{¶ 19} A party seeking to appeal must timely file a proper notice of appeal to invest the court of appeals with jurisdiction to review a final judgment or order of the trial court. *Richards v. Indus. Comm.*, 163 Ohio St. 439, 127 N.E.2d 402 (1955), paragraph two of the syllabus. App.R. 3(D) states, in relevant part, that "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." If a party seeks to include additional judgments or orders subsequently decided by the trial court in the same proceeding, App.R. 3(F) permits the party to amend his or her appeal to add such judgments or orders. See *State v. West*, 2d Dist. No. 2000CA56, 2001 WL 43110 (Jan. 19, 2001).

{¶ 20} An appellate court "is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal." *Slone v. Bd. of Embalmers & Funeral Directors of Ohio*, 123 Ohio App.3d 545, 548, 704

N.E.2d 633 (8th Dist. 1997); *Schloss v. McGinness*, 16 Ohio App.3d 96, 97-98, 474 N.E.2d 666 (8th Dist. 1984). This promotes the purpose of App.R. 3(D): "to notify potential appellees of an appeal and advise them as to what orders the appellant is appealing from." *Maunz v. Eisel*, 6th Dist. No. L-02-1379, 2003-Ohio-5197, 2003 WL 22233859, ¶ 32, citing *Parks v. Baltimore & Ohio RR.*, 77 Ohio App.3d 426, 428, 602 N.E.2d 674 (8th Dist. 1991).

{¶ 21} In this case, McGraw moved to withdraw his guilty plea after he filed his notice of appeal to this court. The record indicates that McGraw did not file a new notice of appeal or seek to amend his prior notice of appeal to include this judgment. *See* App.R. 3(F). Accordingly, this court lacks the authority to address McGraw's second assignment of error. *See Regan v. Paxton*, 6th Dist. No. L-01-1205, 2002-Ohio-383, 2002 WL 126077 (concluding that the appellate court did not have jurisdiction to hear the appeal, as the appellant failed to file a new notice of appeal or amend his previously filed appeal to include the subsequent judgment).

{¶ 22} Accordingly, we lack jurisdiction to consider McGraw's second assignment of error.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR