[Cite as *State v. McGraw*, 2012-Ohio-3247.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96606

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN MCGRAW

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-534815
Application for Reopening
Motion No.   452942

**RELEASE DATE:**   July 17, 2012

**FOR APPELLANT**

John A. McGraw, pro se
Inmate No. 600-404
Lorain Correctional Institution
2075 South Avon-Belden Road
Grafton, Ohio    44044

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Mark J. Mahoney
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

MARY J. BOYLE, P.J.:

{¶1} On March 6, 2012, the applicant, John McGraw, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. McGraw,* 8th Dist. No. 96606, 2012-Ohio-174, in which this court affirmed his convictions and sentences for aggravated murder, aggravated burglary, and failure to comply with order or signal of police. McGraw maintains that his appellate counsel was ineffective because (1) he did not file a new notice of appeal or move to amend the original notice of appeal to include the trial court's denial of McGraw's motion to withdraw guilty plea, and (2) he failed to argue that McGraw's guilty plea was not knowingly, intelligently, and voluntarily made because the trial judge did not ensure that McGraw understood the nature of the charges. On April 5, 2012, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application.

### Procedural and Factual Background

{¶2} In March 2010, the grand jury indicted McGraw on three counts of aggravated murder with death penalty specifications, one count of kidnapping, one count of aggravated burglary, and two counts of failure to comply with order or signal of police. On the fourth day of jury selection, McGraw and the state entered into a plea agreement. The state dismissed all the capital specifications for Count 1, aggravated

murder. McGraw then pleaded guilty to Count 1, as well as aggravated burglary and one count of failure to comply. The state nolled all other counts.

{¶3} During the plea hearing, the trial judge confirmed that McGraw had fully discussed the plea with both his attorneys and that he understood the plea. The judge specifically asked McGraw whether he understood all the charges against him, and McGraw answered, "Yes." (Tr. 9.) The judge further inquired whether McGraw felt impaired by his medications or post-traumatic stress, and McGraw answered, "No, your Honor."[1] (Tr. 10.) The trial judge again asked whether McGraw understood his position, what was happening, and whether he was going forward knowingly and voluntarily. McGraw answered, "Yes, your Honor." (Tr. 11.) Pursuant to Crim.R. 11, the judge reviewed all the rights McGraw was waiving, and McGraw indicated that he understood that. The judge then stated the charges to which McGraw was pleading guilty and the possible penalties. Generally, the judge went to considerable lengths to ensure that McGraw's plea was knowingly, intelligently, and voluntarily made and that there would be "no going back." (Tr. 8 and 10-11.) At a separate hearing, the judge sentenced McGraw to a total of 45 years to life in prison.

{¶4} On March 30, 2011, McGraw, pro se, successfully moved for a delayed appeal, and this court appointed counsel for McGraw. On May 25, 2011, McGraw filed

---

[1] The charges arose from the homicide of McGraw's girlfriend. McGraw was a soldier who had recently returned from a tour of duty in Iraq. He claimed to have post- traumatic stress disorder. After the homicide, McGraw called his sergeant and made incriminating statements that he had been in an altercation with his girlfriend, that he had choked her, and that he was trying to kill himself.

a pro se motion to withdraw guilty plea, which the trial judge denied on June 6, 2011. Neither McGraw nor his attorney filed a new notice of appeal or a motion to amend the notice of appeal to include the denial of that motion. McGraw's appellate attorney argued that the trial court erred in sentencing McGraw to consecutive sentences and abused its discretion in denying the motion to withdraw the guilty plea.

**{¶5}** This court affirmed holding that the sentence was not contrary to law or an abuse of discretion and that this court did not have jurisdiction over the denial of the motion to withdraw the guilty plea because it was not properly appealed. *State v. McGraw*, 8th Dist. No. 96606, 2012-Ohio-174. McGraw now brings his application to reopen.

Legal Analysis

**{¶6}** In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), cert. denied, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990); *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. To establish prejudice, the applicant must show that but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not

determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶7} In the present case, McGraw cannot establish prejudice. He first argues that his appellate counsel was deficient for not properly appealing the denial of his motion to withdraw the guilty plea so that this court never reached the merits of the argument. Assuming arguendo that appellate counsel was ineffective, McGraw cannot show that the results of the proceedings would have been different by obtaining a reversal.

{¶8} Crim.R. 32.1 provides that a motion to withdraw a guilty plea may be made only before sentence is imposed, "but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Supreme Court of Ohio further enunciated the standards for a post-sentence motion to withdraw in *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). First, such a motion is allowable only in extraordinary cases. The defendant has the burden of establishing the manifest injustice, and the motion is addressed to the sound discretion of the trial court.

{¶9} In the present case, McGraw failed to sustain his burden of establishing a manifest injustice. He only made vague and indefinite assertions about misrepresentations by his counsel. He did not state what those misrepresentations were or how they misled him. He asserted that he has "documents that my attorney used to coerce me into pleading guilty," but did not attach them to his motion. Weighing these assertions against a favorable plea agreement for McGraw that avoided the death penalty,

the efforts the judge took to ensure that the plea was knowing, intelligent, and voluntary, and the knowledge of McGraw's incriminating statements, this court concludes that the trial judge did not abuse his discretion in denying the motion to withdraw guilty plea. There was no showing of manifest injustice.

{¶10} McGraw's second argument is that his plea was not knowing, intelligent, and voluntary, because the judge did not advise him of the nature of the charges against him. This argument is not persuasive. During the plea hearing, McGraw's attorney stated that they had fully discussed the case with him. McGraw represented to the judge that he understood the charges, and the judge stated the charges and their possible penalties. A trial judge need not give a detailed recitation of the elements of each charge or possible affirmative defenses during the plea hearing. *State v. Swift*, 86 Ohio App.3d 407, 621 N.E.2d 513 (11th Dist.1993); and *State v. Reynolds*, 40 Ohio St.3d 334, 533 N.E.2d 342 (1988). Indeed, "[w]here a defendant affirmatively represents to the court that he understands the charge to which he is pleading, * * * such defendant should not then be heard to claim on appeal that he did not in fact understand the nature of the charge." *State v. Hood*, 8th Dist. No. 75214, 1999 WL 1204860 (Dec. 16, 1999).

{¶11} Accordingly, this court denies the application to reopen.


_____
MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
COLLEEN CONWAY COONEY, J., CONCUR