[Cite as *State v. McGraw*, 2012-Ohio-3692.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97839

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN A. McGRAW

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534815

**BEFORE:** Stewart, P.J., Cooney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 16, 2012

**FOR APPELLANT**

John A. McGraw, Pro Se
Inmate No. 600-404
Lorain Correctional Institution
2075 S. Avon-Belden Road
Grafton, OH    44044


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Mark J. Mahoney
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} Defendant-appellant John A. McGraw appeals from the trial court's denial of his petition for postconviction relief, and complains that he was denied effective assistance of counsel before pleading guilty, that the trial court failed to issue findings of fact and conclusions of law, and also abused its discretion when it denied his petition for postconviction relief. We affirm the decision of the trial court.

{¶2} In 2010, McGraw was charged with three counts of murder containing death penalty specifications, kidnapping, aggravated burglary, and failure to comply with order or signal of police. During jury selection, he entered into a plea agreement in the case, Cuyahoga C.P. No. CR-534815, and was sentenced to prison for 45 years to life.

{¶3} In March 2011, McGraw filed a direct appeal and two months later filed a motion to withdraw his guilty plea. In the appeal, he argued that the imposition of his sentence was contrary to law because the record did not reflect that the trial court considered the seriousness and recidivism factors, and that the trial court erred in not allowing him to withdraw his guilty plea. This court affirmed the judgment with regard to the trial court's imposition of sentence, and did not review the denial of his motion to withdraw because we lacked jurisdiction to hear this assigned error. *State v. McGraw*, 8th Dist. No. 96606, 2012-Ohio-174.

**{¶4}** In October 2011, McGraw filed a pro se petition to vacate or set aside judgment of conviction or sentence, the subject of this appeal, asserting that he received ineffective assistance of counsel and that he did not purposely cause the victim's death. The petition was denied, and the trial court's journal entry states, in pertinent part: "Petitioner fails to set forth sufficient operative facts to establish substantive grounds for relief and the issues raised have already been ruled on by this court."

**{¶5}** On appeal, McGraw raises three assignments of error. He contends that: (1) he was denied effective assistance of counsel because counsel failed to properly investigate the facts of his case before he entered his guilty plea; (2) the trial court denied his petition for postconviction relief without issuing findings of fact and conclusions of law; and (3) the trial court abused its discretion by not granting his petition.

**{¶6}** A postconviction proceeding is a collateral civil attack on a judgment, and is not an appeal of a criminal conviction. *State v. Hines*, 8th Dist. No. 89848, 2008-Ohio-1927, ¶ 8. "In determining whether substantive grounds for relief exist, the trial court must consider, among other things, the petition, the supporting affidavits, and the documentary evidence filed in support of the petition." *State v. Kent,* 8th Dist. No. 94562, 2010-Ohio-6368, ¶ 4; R.C. 2953.21(C).

**{¶7}** We review a trial court's denial of a petition for postconviction relief based upon R.C. 2953.21 for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 50. An abuse of discretion connotes more than an error in law or judgment, it means that the trial court's decision was unreasonable,

arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶8} McGraw collectively argues in his first and third assignments of error that he was denied his right to effective assistance of counsel because his court- appointed counsel: (1) did not adequately investigate the circumstances of his case; (2) did not review discovery; and (3) did not question him or any material witness to determine if the evidence was sufficient to prove the crimes with which he was charged. He complains, therefore, that the trial court abused its discretion when it denied his postconviction petition.

{¶9} In order to demonstrate a claim of ineffective assistance of counsel, McGraw must establish that counsel's performance was deficient and that his defense was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish prejudice, McGraw "must show that he was denied some substantive or procedural right that made the trial unreliable or the proceeding fundamentally unfair." *State v. Combs*, 100 Ohio App.3d 90, 101, 652 N.E.2d 205 (1st Dist.1994), citing *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

{¶10} McGraw argues that he was prejudiced by his trial counsel's failure to adequately investigate the circumstances of the case, review discovery, or question him or material witnesses to determine the validity of the evidence and charges. He asserts that counsel's ineffectiveness caused him to plead guilty against his better judgment. Since

McGraw's claim of ineffective assistance of counsel is an alleged error he did not pursue on direct appeal, his claim is now barred by res judicata.

{¶11} The doctrine of res judicata makes clear that a final judgment of conviction prevents a convicted defendant from raising and litigating in any proceeding, aside from an appeal from that judgment, any defense or any claim of insufficient due process that was raised or could have been raised by the defendant at the trial which concluded in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 181, 226 N.E.2d 104 (1967).

{¶12} While "claim[s] of ineffective assistance of counsel may be sufficient [in some instances] to avoid the application of the principles of res judicata in a post-conviction relief proceeding," the claim may nevertheless be barred "unless circumstances render the application of the doctrine unjust." *State v. Miller*, 76 Ohio App.3d 311, 313, 601 N.E.2d 609 (6th Dist.1991); *State v. McClain*, 8th Dist. No. 77740, 2002-Ohio-2349, ¶ 25.

{¶13} In support of his claim, McGraw offers: (1) a 1982 opinion of the U.S. Eighth Circuit Court of Appeals related to claims of ineffective assistance of counsel; (2) a report of the autopsy conducted on the victim, dated March 1, 2010; (3) a run report written by a municipal emergency medical services provider dated March 1, 2010; (4) an Ohio Bureau of Criminal Identification & Investigation report dated December 14, 2010, detailing the results of the analysis of two mobile phones; (5) a photograph of the victim's intact apartment door; and (6) an Ohio Bureau of Criminal Identification & Investigation

report dated March 29, 2010, involving the examination of a key for latent prints. All of this information was available to McGraw at the time of his trial and/or his direct appeal.

{¶14} A petition for postconviction relief is not the appropriate forum to raise issues that could have been advanced on direct appeal. McGraw entered his guilty plea on February 14, 2011, and the documents that he offers in support are not newly discovered evidence. Therefore, we conclude that McGraw is barred by the doctrine of res judicata from relitigating these issues.

{¶15} Furthermore, the application of the doctrine of res judicata is not unjust in this instance because McGraw's claims lack merit. The record supports a finding that counsel did investigate the facts surrounding the crimes and kept McGraw apprised of the same. At the plea hearing, counsel stated that he had received "full and complete discovery" from the state, and had afterwards discussed the information obtained with McGraw. These findings contradict McGraw's assertions that counsel failed to investigate the facts of the case, and that counsel's performance was deficient and prejudiced him.

{¶16} Counsel engaged in comprehensive discovery prior to McGraw's entering his plea, and the documents that he offers in support of his argument were available to him at the time of his direct appeal. McGraw has failed to set forth sufficient credible evidence outside of the record to establish grounds for relief. His first and third assignments of error are overruled.

**{¶17}** In his second assignment of error, McGraw asserts that the trial court did not issue findings of fact and conclusions of law in denying his petition for postconviction relief. We overrule this assignment of error as moot. The trial court issued findings of fact and conclusions of law while this appeal was pending.

**{¶18}** A trial court must make findings of fact and conclusions of law to support its denial of a postconviction petition if it finds no grounds for granting relief. *State v. Gilbert*, 8th Dist. No. 94252, 2010-Ohio-6157, ¶ 8; R.C. 2953.21(G). Although the trial court issued its findings of fact and conclusions of law after McGraw filed this appeal,

> the trial court retains such jurisdiction over the case as is not inconsistent with review by the appellate court, [and therefore had] * * * the power to take action in aid of the appeal * * * [because] a court's [issuing] findings and conclusions * * * does not disrupt the judgment of the court, but explains it.

*State v. Greer*, 9th Dist. No. 15217, 1992 WL 316350, at *6 (Oct. 28, 1992).

**{¶19}** Accordingly, judgment is affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
SEAN C. GALLAGHER, J., CONCUR