[Cite as *State v. Mayes*, 2014-Ohio-4409.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26095 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-851/1 |
| v. | : | |
| | : | |
| DERRICK E. MAYES | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .
O P I N I O N

Rendered on the 3rd day of October, 2014.

. . . . . . . . . .

MATHIAS  H.  HECK,  JR.,  by  MICHELE  D.  PHIPPS,  Atty.  Reg.  #0069829,  Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box
972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. #0012093, 7821 North Dixie Drive, Dayton, Ohio 45414
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}     Derrick Mayes appeals from the trial court's denial of his R.C. 2953.21 petition

for post-conviction relief. In his sole assignment of error, he contends the trial court erred in

denying the petition.

{¶ 2} The record reflects that Mayes was charged with more than fifty sex offenses against children, including rape, gross sexual imposition, unlawful sexual conduct with a minor, disseminating materials harmful to juveniles, and importuning. He ultimately entered a no-contest plea to some counts in exchange for the dismissal of others. The trial court imposed concurrent sentences that resulted in an aggregate prison term of ten years to life. Mayes did not appeal.

{¶ 3} Approximately seven months after sentencing, Mayes filed a petition for post-conviction relief alleging ineffective assistance of counsel. In support, he claimed he entered his no-contest plea based on his attorney's assurance that he would be parole-eligible after ten years and would be paroled after no more than fourteen years. Accompanying the petition were his own affidavit and the affidavit from a practicing attorney regarding the projected term that Mayes may serve. In response to the State's Motion for Summary Judgment, Mayes filed affidavits from two additional attorneys. One of the attorneys opined that Mayes will serve a prison sentence significantly longer than twelve to fourteen years and that it would constitute ineffective assistance of counsel to tell Mayes he probably would be paroled in twelve to fourteen years. Another attorney averred that Mayes, who was forty-three years old at the time of his plea, can expect to serve twenty-five years before being paroled. The third attorney averred that Mayes is likely to serve at least twenty years before being paroled and that failure to advise him of that fact would constitute ineffective assistance of counsel. (Doc. #278).

{¶ 4} The trial court held a November 26, 2013 evidentiary hearing on Mayes' petition. For purposes of the hearing, the parties agreed that the three attorneys mentioned above would testify consistent with their affidavits if called as witnesses. The trial court then heard testimony

from attorney Richard Skelton (Mayes' trial counsel) and from Mayes himself. Skelton admitted telling Mayes that he would be parole-eligible after ten years, which the parties agree was accurate. As for when Mayes actually would be paroled, Skelton denied telling him that he would be paroled after fourteen years or even that he likely would be paroled at that time. Although Skelton could not remember his exact words, he recalled expressing his opinion to Mayes that he would be "flopped" a couple of times and that he might have "a chance" for parole after fifteen or sixteen years, depending on his prison record. (Tr. at 16-17). Later in his testimony, Skelton acknowledged conveying his belief that Mayes' first "realistic chance" for parole would come in fifteen or sixteen years. (*Id.* at 62, 64). For his part, Mayes testified and claimed Skelton told him he would be paroled in no more than fourteen years. (*Id.* at 49, 53, 55).

{¶ 5}    After hearing the evidence, the trial court found Skelton's testimony credible and Mayes' testimony not credible. It denied the petition, reasoning:

> Simply put, and as a matter of fact, Defendant's Petition and MSJ and the evidence adduced at the Hearing fail to present credible evidence establishing that Mr. Skelton ineffectively assisted Defendant thereby resulting in his "no contest" pleas to the several charges at issue. As a matter of fact, Defendant's pleas were conditioned upon his belief that he would be eligible for parole after serving 10 years—and indeed he will be. As a matter of fact, Mr. Skelton gave Defendant no assurances that he would or was likely to serve no more than 14 years. For that matter, Mr. Skelton gave Defendant no assurances that his prison term would be of any particular length except that he would be flopped for parole on at least the first 2 occasions when Defendant was considered for the same.
>
> The Court finds, as a matter of fact, that Defendant's affidavit and

testimony, in so far as the same conflict with Mr. Skelton's testimony, are incredible. And the Court finds that Defendant's Experts' opinions regarding Mr. Skelton's performance as Defendant's counsel are of no moment because those opinions are based in significant part upon accepting as credible Defendant's version of the salient facts. In short, the Court finds, as a matter of fact, that at no time did Mr. Skelton "paint a rosy picture" of Defendant's chances for parole. Rather, and through his efforts, Mr. Skelton in fact secured for Defendant a chance for parole.

Even if Mr. Skelton's estimate of 14-16 years before Defendant could expect any chance of parole constituted ineffective assistance of counsel, there is no showing of prejudice. All of the estimates rise to nothing more than mere speculation as to how many years Defendant will ultimately serve. There is in fact a chance that Defendant could be released from prison anytime after serving 10 years.

(Doc. #290 at 8-9).

{¶ 6} On appeal, Mayes recognizes the trial court's discretion, as trier of fact, to credit Skelton's testimony. Even accepting that testimony as true, however, he claims Skelton provided ineffective assistance by inducing him to plead no contest based on "erroneous" advice that he would have a realistic chance for parole after fifteen or sixteen years. (Appellant's brief at 10). He argues that this faulty, misleading advice constituted ineffective assistance of counsel and resulted in a defective plea. (*Id*. at 11). Therefore, he contends the trial court should have granted him post-conviction relief and allowed him to withdraw his no-contest plea. (*Id*. at 12).

{¶ 7} We find Mayes' argument to be without merit. "A defendant who bases a plea

decision on parole * * * will often be relying on a factor beyond the prediction of defense counsel[.]" *State v. Xie*, 62 Ohio St.3d 521, 524-525, 584 N.E.2d 715, 718 (1992). Notably, one of Mayes' own experts, attorney Ian Friedman, opined that it would not be unusual for a person in Mayes' position to serve at least twenty years before having a realistic chance of release. (Doc. #278, Friedman affidavit at ¶ 5-6). By comparison, Skelton essentially told Mayes his first "realistic chance" for parole would come after fifteen or sixteen years and that he would be "flopped" at least twice. We do not believe these two opinions are so different as to establish that Skelton's opinion was demonstrably false or misleading. Attorney David Grant, who opined that Mayes would serve "a prison sentence significantly greater than twelve to fourteen years" before being paroled also acknowledged that "it is not possible to predict exactly when a defendant [will] be released on parole, if ever." (Doc. #278, Grant affidavit at ¶ 8). Even if Skelton's opinion about parole release was more optimistic than the opinion rendered by Friedman or Grant or the third attorney upon whose affidavits Mayes relied, Skelton's opinion remained just that—an opinion that was not demonstrably erroneous or misleading, particularly when compared to the similar opinion expressed by Friedman.

{¶ 8}    Assuming that Skelton's estimate about parole might turn out in hindsight to be too optimistic, that fact would not establish deficient representation or justify withdrawing the plea. We have not discovered definitive Ohio case law on the subject, but effective assistance of counsel is also a federal constitutional right most specifically defined by federal caselaw. "Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken[.]" *McMann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). "That a * * * plea must be intelligently made is not a requirement

that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing." *Id.* We recognize that "gross misadvice" about parole eligibility may constitute ineffective assistance and warrant a plea withdrawal. *Starcher v. Wingard*, 6th Cir. No. 99-3262, 2001 WL 873736 (July 25, 2001). But "an attorney may offer his client a prediction, based upon his experience or instinct, of the sentence possibilities the accused should weigh in determining upon a plea." *Wellnitz v. Page*, 420 F.2d 935, 936 (10th Cir. 1970); see also *Carey v. Myers*, 6th Cir. No. 02-5275, 2003 WL 21750758 (July 24, 2003) (concluding that counsel's "qualified estimate" about parole did not constitute ineffective assistance where counsel never guaranteed release by a certain date); *Thomas v. Dugger*, 846 F.2d 669, 672 (11th Cir. 1988) (finding no coerced plea where counsel may have told defendant facing a life sentence that counsel had known inmates sentenced to life to have been released in as little as seven years); *Hooks v. Roberts*, D.Kansas No. 09-3090-JWL, 2009 WL 3855682 (Nov. 17, 2009) (noting that case law suggests "a tolerance for miscalculations made by counsel in good faith," particularly where a sentencing estimate rather than "material misinformation" is involved).  Given these interpretations, we agree that Mayes has not established that Skelton's performance fell below an objective standard of reasonable representation when he assessed the prospects of parole. That being so, the trial court did not err in finding no ineffective assistance of counsel and no basis for withdrawing the no-contest plea.

{¶ 9}   Mayes' assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.


Copies mailed to:

Mathias H. Heck
Michele D. Phipps
J. Allen Wilmes
Steven K. Dankof