[Cite as *State v. Peyton*, 2017-Ohio-8253.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-41 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-439 |
| | : | |
| BRYAN K. PEYTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of October, 2017.

. . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

GREGORY K. LIND, Atty. Reg. No. 0055227, 20 South Limestone Street, Suite 340, Springfield, Ohio 45502
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Bryan K. Peyton, appeals from his conviction in the Greene County Court of Common Pleas after he entered a no contest plea to one count of aggravated assault. On June 14, 2017, Peyton's assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating there are no issues with arguable merit to present on appeal. As a result, on June 21, 2017, we notified Peyton that his counsel found no meritorious claim for review and granted him 60 days to file a pro se brief assigning any errors. Peyton did not file a pro se brief. After conducting a review of the record as prescribed by *Anders*, we find no issues with arguable merit for appeal.

**Facts and Course of Proceedings**

{¶ 2} On August 23, 2016, the State filed a bill of information charging Peyton with one count of aggravated assault in violation of R.C. 2903.12(A)(1), a felony of the fourth degree. The charge arose after Peyton struck the victim, George Bauer, multiple times with his cane causing Bauer serious injuries, including the loss of his left eye.

{¶ 3} After waiving his right to a grand jury indictment, on September 28, 2016, Peyton appeared before the trial court and entered a no contest plea to aggravated assault. During the plea hearing, the trial court conducted a Crim.R. 11 plea colloquy, accepted Peyton's no contest plea, and found Peyton guilty as charged in the bill of information. The trial court then ordered a presentence investigation report and scheduled Peyton's sentencing hearing for December 1, 2016.

{¶ 4} At the sentencing hearing, the trial court indicated that it had considered the

presentence investigation report, victim impact statements, statements of the parties, sentencing factors in R.C. 2929.13(B), purposes and principles of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. After these considerations, and because Peyton's offense involved serious physical harm to the victim, the trial court decided to impose a prison term as opposed to community control sanctions. The trial court then sentenced Peyton to 18 months in prison and ordered him to pay court costs and restitution in the amount of $7,685.19 for the victim's medical bills after considering Peyton's present and future ability to pay.

{¶ 5} On December 27, 2016, Peyton filed the instant appeal from his conviction and sentence. As previously noted, Peyton's appellate counsel submitted an *Anders* brief on Peyton's behalf indicating there are no issues with arguable merit to present on appeal.

## Law and Analysis

{¶ 6} When conducting an *Anders* review, this court must conduct an independent review of the record to determine if the appeal at issue is wholly frivolous. *Anders*, 386 U.S. 738 at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen,* 2d

Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 7} If we determine the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it. *State v. McDaniel*, 2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. However, "[i]f we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Marbury* at ¶ 7, citing *Pullen* at ¶ 2.

{¶ 8} As a potential assignment of error, Peyton's appellate counsel proposes that the trial court erred by failing to advise Peyton at the plea hearing of the nature of the charge against him as required by Crim.R. 11(C)(2)(a). Specifically, counsel claims that the trial court failed to state any facts on the record concerning the aggravated assault charge. Counsel further claims that the bill of information served on Peyton contained no facts apprising him of the nature of the charge. As a result, counsel suggests that Peyton's no contest plea may not have been knowingly, intelligently and voluntarily entered.

{¶ 9} Crim.R. 11(C)(2)(a) provides that in felony cases, a court shall not accept a plea of guilty or no contest without first addressing the defendant personally and determining that he is making the plea voluntarily, with an understanding of the nature of the charge and of the maximum penalty involved, and if applicable, that he is not eligible for probation. It is well established that the trial court need only substantially comply with these requirements. *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial

compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citations omitted.) *Nero*, at 108.

{¶ 10} This court has stated the following with regard to the requirement that the defendant understand the nature of the charge against him:

"In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge. In other words, under some circumstances, the trial court may be justified in concluding that a defendant has drawn an understanding from sources other than the lips of the trial court."

*State v. Ferrell*, 2d Dist. Clark No. 97 CA 114, 1998 WL 735920, *3 (Oct. 23, 1998), quoting *State v. Rainey*, 3 Ohio App.3d 441, 442, 446 N.E.2d 188 (10th Dist.1982). *Accord State v. Reeves*, 2d Dist. Greene No. 2002-CA-9, 2002-Ohio-4810, ¶ 19.

{¶ 11} "For purposes of finding substantial compliance with Crim.R. 11, then, a reviewing court need only determine whether the trial court, defense counsel, or someone else provided the defendant with information regarding the nature of the charge against him." *Reeves* at ¶ 24, citing *State v. Blair*, 128 Ohio App.3d 435, 437, 715 N.E.2d 233 (2d Dist.1998), citing *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979). In

other words, " '[t]he record must demonstrate that [the] defendant has acquired an understanding of the nature of the charges against him, from whatever source, be it from the trial court itself, the prosecutor, or some other source, such that the trial court can determine that [the] defendant understands the charges to which he was pleading guilty or no contest.' " *Id.*, quoting *Blair* at 437-438.

{¶ 12} In *Reeves*, we held that there was substantial compliance with Crim.R. 11(C)(2)(a) because the totality of the circumstances established that the defendant "acquired from his attorney information regarding the nature of the charge against him." *Id.* at ¶ 24-25. When reviewing the totality of the circumstances in *Reeves* we considered: (1) the indictment, which contained the elements of the offense; (2) the no-contest petition, which stated: "My lawyer has counseled with me and advised me as to the nature of the charge(s)"; (3) the certificate of counsel, which stated: "I have read and fully explained to the Defendant the allegations contained in the indictment in this case"; and (4) the plea colloquy between the trial court and the defendant. *Id.* at ¶ 20-23.

{¶ 13} Furthermore, in *Ferrell*, we held that the totality of the circumstances established the defendant understood the nature of the felonious assault charge against him despite the trial court failing to explain the elements of the offense. *Ferrell*, 2d Dist. Clark No. 97 CA 114, 1998 WL 735920 at *3. In so holding, we considered the fact that the indictment specified the elements of the offense and that the defendant signed a plea agreement which stated: "I understand the nature of these charges." *Id.* Moreover, during the plea colloquy, the trial court asked the defendant: "Do you understand the nature of the felonious assault charge and specifically what it is that the State is saying that you've done, that resulted in the felonious assault charge?" To which the defendant

responded: "Yes, I do."   *Id.*

**{¶ 14}** Similar to *Reeves* and *Ferrell*, in this case, the record indicates that Peyton was served with a bill of information that provided the date of the aggravated assault in question, the elements of the offense, and the statutory section he purportedly violated. In addition, the plea form signed by Peyton states: "I understand the nature of the charge(s), effect of my plea(s), and that upon acceptance of my plea(s) the Court may proceed with judgment and sentence."   Rule 11 Notification and Waiver (Sept. 28, 2016), Greene County Common Pleas Court Case No. 2016-CR-439, Docket No. 20.

**{¶ 15}** Most importantly, the trial court's plea colloquy, which was conducted with Peyton and two other defendants who were facing separate, unrelated charges, included the following discussion about the nature of their charges.

THE COURT:      Now, have you and your Counsel together discussed the nature of the charges you're facing in your respective cases?"

* * *

DEFENDANT BRYAN PEYTON:  Yes, sir.

THE COURT:      And do you understand what all these offenses accuse you of doing?

* * *

DEFENDANT BRYAN PEYTON:  Yes, sir.

THE COURT:      Okay.  Are you also aware of the facts that are the basis of these charges that the State has provided to your counsel through the discovery process?   Are you

aware of those facts?

* * *

DEFENDANT BRYAN PEYTON:  Yes, sir.

Plea Hearing Trans. (Sept. 28, 2016), p. 6-7.

{¶ 16} Based on the bill of information, plea form, and plea colloquy, we find that the totality of the circumstances indicate that Peyton's trial counsel discussed the nature of the aggravated assault charge with him and that Peyton understood the nature of the charge at the time he entered his no contest plea.   Accordingly, the potential assignment of error raised by Peyton's appellate counsel lacks merit.

{¶ 17} In addition to considering the potential assignment of error raised by appellate counsel, we have performed our duty under *Anders* to conduct an independent review of the record.   Having conducted our independent review, we find no issues with arguable merit for Peyton to advance on appeal.   Accordingly, we conclude that Peyton's appeal is wholly frivolous and affirm the judgment of the trial court.

. . . . . . . . . . . .

HALL, P.J. and FROELICH, J., concur.

Copies mailed to:

Nathaniel R. Luken
Gregory K. Lind
Bryan K. Peyton
Hon. Stephen Wolaver