[Cite as *State v. Mayes*, 2017-Ohio-9313.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO

     *Plaintiff-Appellee*

v.

DERRICK E. MAYES

     *Defendant-Appellant*

:
:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 27194

Trial Court Case No. 2010-CR-851/1

(Criminal Appeal from
Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of December, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

GARY C. SCHAENGOLD, Atty. Reg. No. 0007144, 4 East Schantz Avenue, Dayton, Ohio 45409
     Attorney for Defendant-Appellant

DERRICK E. MAYES, Inmate No. 676-598, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
     Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Derrick E. Mayes, appeals pro se from the trial court's decision of July 8, 2016, overruling his motion to withdraw pursuant to Crim.R. 32.1. Presenting three assignments of error, Mayes argues that he should be permitted to withdraw his pleas of no contest to a series of charges under R.C. Chapter 2907 because he entered the pleas in reliance on the allegedly deficient advice of his defense counsel; he also argues that the trial court failed to notify him of the applicable sex-offender registration requirements. We find that Mayes's assignments of error are frivolous, and therefore, we affirm the decision of the trial court.

## I. Facts and Procedural History

{¶ 2} Mayes was arrested on June 15, 2010, and charged with one count of gross sexual imposition. In an order entered on January 14, 2011, the trial court appointed an attorney to defend Mayes, and on February 17, 2011, Mayes executed a time waiver of unlimited duration with respect to "every offense and specification [with] which [he] could [have] be[en] charged" as a result of the investigation that led to his arrest.

{¶ 3} The first of three indictments followed on May 27, 2011; the second on July 18, 2011; and the third on March 7, 2012. Mayes executed a second time waiver of unlimited duration on November 23, 2011, which applied to all charges set forth in the first and second indictments, and a third time waiver of unlimited duration on March 16, 2012, which applied to all charges set forth in the third indictment. All told, the three indictments comprised 56 charges under R.C. Chapter 2907.

{¶ 4} Having reached a plea agreement with the State, Mayes appeared before the trial court on December 7, 2012, and pleaded no contest to a total of 25 offenses,

including 1 count of disseminating matter harmful to juveniles; 8 counts of gross sexual imposition; 2 counts of importuning; 12 counts of rape; and 2 counts of unlawful sexual contact with a minor. On December 28, 2012, the court sentenced Mayes to a mandatory term of life for one of the counts of rape and, running concurrently, to the maximum term for every other count.[1]

{¶ 5} Mayes did not take a direct appeal from his convictions, but on August 5, 2013, he moved for post-conviction relief, contending that he pleaded no contest in reliance on his defense counsel's erroneous assurances that he would be eligible for parole after 10 years and would likely be released on parole after no more than 14 years. Following a hearing at which Mayes and counsel testified, the trial court found that counsel's advice did not constitute ineffective assistance. The court accordingly overruled Mayes's motion.

{¶ 6} On February 25, 2014, Mayes appealed from the decision overruling his motion for post-conviction relief. We affirmed, stating that "we agree[d] [with the trial court] that Mayes [did] not establish that [his defense counsel]'s performance fell below an objective standard of reasonable representation when he assessed [Mayes's] prospects of parole." *State v. Mayes*, 2d Dist. Montgomery No. 26095, 2014-Ohio-4409, ¶ 8.

{¶ 7} Mayes filed a motion to withdraw his pleas on January 5, 2016. In its decision of July 8, 2016, the trial court overruled the motion to withdraw, finding that Mayes's "claim of ineffective assistance of counsel is barred by the doctrine of res

---

[1] The court imposed the mandatory life sentence pursuant to the pre-Senate Bill 2 version of R.C. 2907.02(B).

judicata," given that he "asserted the [same] issue in his [p]etition for [p]ost-[c]onviction [r]elief." Decision Overruling Def.'s Mot. to Withdraw 4, July 8, 2016. Two weeks later, Mayes timely filed his notice of appeal in the instant case.

{¶ 8} On October 25, 2016, we appointed counsel to represent Mayes. Counsel filed an *Anders* brief on February 23, 2017, after which we notified Mayes that he had 60 days in which to submit a brief pro se. Mayes availed himself of the opportunity by filing a brief on May 4, 2017.[2]

## II. **Analysis**

{¶ 9} In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the U.S. Supreme Court established a procedure to be followed in those cases in which counsel finds that an appellant lacks any meritorious grounds on which to base an appeal. If "counsel finds [a] case to be wholly frivolous, after [undertaking] a conscientious examination of it," then counsel should inform the court, submit "a brief referring to anything in the record that might arguably support the appeal," and "request permission to withdraw." *Id.* at 744. A "copy of counsel's brief should be furnished" to the appellant, who must be allowed time to file a brief pro se. *See id.*

{¶ 10} Upon receipt of an *Anders* brief, an appellate court should undertake its own "examination of all the proceedings" to that point and "decide whether the case is wholly frivolous." *Id.*; *see also State v. Peyton*, 2d Dist. Greene No. 2016-CA-41, 2017-Ohio-8253, ¶ 6. If the court finds the "appeal [to be] frivolous, [then it] may grant counsel's request to withdraw" and "dismiss the appeal," or "proceed to a decision on the merits if state law requires it." (Citation omitted.) *Peyton*, 2017-Ohio-8253, ¶ 7. Alternatively,

---

[2] We notified Mayes on March 2, 2017. The sixtieth day afterward was May 1, 2017.

if the court finds that "any issue presented" by counsel or the appellant "is not wholly frivolous," then it must appoint substitute counsel "to argue the appeal." *Anders*, 386 U.S. at 744; *Peyton*, 2017-Ohio-8253, ¶ 7.

{¶ 11} For his first assignment of error, Mayes contends that:

TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INFORM THE COURT AND DEFENDANT THAT THE RIGHT TO SPEEDY TRIAL WAS VIOLATED PURSUANT TO THE UNITED STATES AND OHIO CONSTITUTIONS, AND OHIO STATUTORY LAW.

{¶ 12} Mayes argues that his defense counsel failed to render effective assistance because counsel "had [him] sign a [time] waiver before an indictment" was issued, which Mayes describes as indicative that counsel failed "to research the initial arrest of his client" and "to investigate all possible defenses"; this is the single, potentially viable assignment of error that Appellant's appointed counsel raises in his *Anders* brief. Appellant's Br. 1; Counsel's *Anders* Br. 3-5. The State argues in response that this issue is res judicata; that Mayes waived his right to appeal this issue by entering his pleas; that allowing Mayes's convictions to stand would not constitute manifest injustice; and that the trial court did not abuse its discretion in overruling Mayes's motion to withdraw. Appellee's Br. 3-8. We conclude, as did the trial court, that Mayes is barred from raising this issue by the doctrine of res judicata.

{¶ 13} Under the doctrine of res judicata, "any issue that could have been raised on direct appeal," but was not, is "not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Among

other things, the doctrine applies to "post-sentence requests to withdraw" pleas under Crim.R. 32.1. *See State v. Ward*, 2d Dist. Champaign No. 2014-CA-28, 2015-Ohio-2064, ¶ 27; *see also e.g. State v. Ulery*, 2d Dist. Clark No. 2010-CA-89, 2011-Ohio-4549, ¶ 10; *State v. Graham*, 9th Dist. Summit No. 28153, 2017-Ohio-908, ¶ 10.

**{¶ 14}** Here, the trial court docketed its termination entry memorializing Mayes's sentences on January 8, 2013. Pursuant to App.R. 4(A)(1) and (B)(3), Mayes had until February 7, 2013 to initiate a direct appeal. He did not, however, initiate a direct appeal within that time; instead, he chose to pursue relief under R.C. 2953.21 in his motion of August 5, 2013. Because Mayes could have, but did not, launch a direct appeal to raise the issue of defense counsel's purported failure to provide adequate advice concerning his speedy trial rights, the issue is now barred by the doctrine of res judicata. (Citations omitted.) *See State v. Grimes*, 2d Dist. Montgomery No. 26636, 2017-Ohio-25, ¶ 11. Of note, even were the doctrine of res judicata inapplicable to Mayes's first assignment of error, Mayes waived his right to appeal the alleged violation of his speedy trial rights by executing, and never repudiating, a series of three time waivers. *See State v. Sherrer*, 2d Dist. Greene No. 2015-CA-40, 2016-Ohio-3198, ¶ 8-14. For all of the foregoing reasons, Mayes's first assignment of error is deemed frivolous.

**{¶ 15}** For his second assignment of error, Mayes contends that:

THE TRIAL COURT FAILED TO NOTIFY THE DEFENDANT OF THE AWA TIER III REQUIREMENTS IN VIOLATION OF CRIM.R. 11, AND THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES AND OHIO CONSTITUTIONS.

**{¶ 16}** In his brief, Mayes faults the trial court for "fail[ing] to notify him of the full

Tier III [registration] requirements," thereby "render[ing] his plea[s] unknowing and involuntary." Appellant's Br. 5. This issue is likewise barred by the doctrine of res judicata as a result of Mayes's choice to forgo a direct appeal. (Citations omitted.) *See, e.g.*, *State v. Swinson*, 2017-Ohio-150, 77 N.E.3d 472, ¶ 11-12 (12th Dist.).

**{¶ 17}** Even otherwise, the outcome would be the same because the trial court did notify Mayes regarding the Tier III registration requirements. *See id.* at ¶ 13-23; *compare with* Tr. of Plea Hr'g 17-18, Dec. 7, 2012. The court advised Mayes that he would be "required to register as a Tier [III] offender every 90 days for the rest of [his] life." Tr. of Plea Hr'g 17. Although the court does not appear to have complied completely with Crim.R. 11, inasmuch as it did not inform Mayes "about the fact that a Tier III conviction includes [a] community notification [requirement]," the court at least partially complied with the rule. *State v. Hawkins*, 2d Dist. Greene No. 2012-CA-49, 2013-Ohio-2572, ¶ 14-15. Mayes says that the omission rendered his plea unknowing and involuntary, but the mere recitation of these words falls far short of the demonstration of prejudice that would entitle Mayes to have his plea vacated. *See State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977); *Hawkins*, 2013-Ohio-2572, ¶ 15-17. Furthermore, Mayes indicated at the outset of his plea hearing that he understood the registration requirements, and his defense counsel offered no objection and requested no clarification in connection with the court's explanation. *Compare with State v. Young*, 2d Dist. Greene No. 2013-CA-22, 2014-Ohio-2213, ¶ 21-26 and 30; *see* Tr. of Plea Hr'g 9. Therefore, we find that Mayes's second assignment of error is frivolous

**{¶ 18}** For his third assignment of error, Mayes argues that:

THE INITIAL WAIVER IS INVALID FROM THE FAILURE TO OF [sic]

TRIAL COUNSEL TO INFORM CLIENT OF POSSIBLE DEFENSES OF THE SPEEDT [sic] TRIAL VIOLATION IN VIOLATION OF THE 6TH AND 14TH AMENDMENT [sic] TO THE UNITED STATES AND OHIO CONSTITUTIO [sic].

**{¶ 19}** In his third and final assignment of error, Mayes alleges that when he executed the first of his three time waivers, his defense counsel had not yet listed "any possible charges on the waiver" form, "only [listing the charges] after [he had] signed." Appellant's Br. 5. He argues that counsel must have been "informed by the [S]tate" of the charges to be brought against him before it obtained the first indictment, and he contends that upon being informed of the charges, his counsel "should have immediately investigated speedy trial violations, and asked for the indictment." *Id.* According to the State, assuming that this issue is not res judicata, it "would be more appropriately addressed in a petition for post-conviction relief" because it "necessarily requires evidence outside the record." *See* Appellee's Br. 11-12.

**{¶ 20}** We find that this issue is barred by res judicata because Mayes could have, but chose not to, pursue the issue in a direct appeal, and for that matter, Mayes has already moved for, and been denied, post-conviction relief on the basis of ineffective assistance of counsel. *See State v. Grimes*, 2d Dist. Montgomery No. 26636, 2017-Ohio-25, ¶ 11. Moreover, irrespective of the application of res judicata, the record before us includes no evidence supporting the foregoing claim. We hold that Mayes's third assignment of error is frivolous.

**{¶ 21}** Finally, having undertaken an independent evaluation, we find no non-frivolous issues for review in this case. The trial court seems to have complied with the

requirements of Crim.R. 11(C) at Mayes' plea hearing, apart from its omission of the community notification component of the Tier III registration requirement, and the court's termination entry of January 8, 2013, is not defective such that Mayes's sentences would be rendered void. Tr. of Plea Hr'g 5-39. As well, the record includes no evidence that Mayes's constitutional rights were violated, and Mayes is now barred by the doctrine of res judicata from raising any non-constitutional errors that he could have raised in a direct appeal.

## III. **Conclusion**

{¶ 22} Mayes's assignments of error are overruled as frivolous, and having conducted an independent evaluation, we find no non-frivolous issues remaining for review. Therefore, we affirm the trial court's decision of July 8, 2016.

. . . . . . . . . . . . .

HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Heather N. Jans
Derrick E. Mayes
Gary C. Schaengold
Hon. Steven K. Dankof