[Cite as *State v. Mayes*, 2022-Ohio-2604.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29370 |
| | : | |
| v. | : | Trial Court Case No. 2010-CR-851/1 |
| | : | |
| DERRICK E. MAYES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of July, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DERRICK E. MAYES, #A676-598, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Derrick Mayes appeals from the trial court's denial of his "motion to set aside judgment and vacate plea." For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} In 2011 and early 2012, in three indictments, Mayes was charged with 56 sex offenses involving children, including multiple counts of rape (child under 13 years of age), gross sexual imposition (child less than 13 years of age), importuning, dissemination of material harmful to a juvenile, and unlawful sexual conduct with a minor. In December 2012, Mayes pled no contest to 25 of those charges: 11 counts of rape (child under 13 years old), first-degree felonies; one count of rape by force (child under 13 years old), a first-degree felony; eight counts of gross sexual imposition, third-degree felonies; two counts of unlawful sexual conduct with a minor, third-degree felonies; one count of disseminating matter harmful to juveniles (obscene, child less than 13), a fourth-degree felony; and two counts of importuning, fourth-degree felonies. Pre-Senate Bill 2 law applied to six of the gross sexual imposition counts and two of the rape counts. The State dismissed the remaining charges, and the trial court found Mayes guilty of the charges to which he pled no contest.

{¶ 3} After merging two of the rape offenses, the trial court sentenced Mayes as follows:

| Indictment: Count | Offense | Statute | Degree | Sentence |
|---|---|---|---|---|
| C: 5 | Rape (force) | 2907.02(A)(1)(b)/ (B) | Agg. F1 | Life (mandatory) |

| | | | | |
|---|---|---|---|---|
| A: 20, 25-29, 34-35<br>B: 1-2 | Rape | 2907.02(A)(1)(b) | F1 | 10 years (mandatory) |
| A: 1-2<br>B: 3<br>C: 1, 3, 6 | Gross sexual imposition (pre-S.B.2) | 2905.05(A)(4) | F3 | 2 years |
| A: 16, 21 | Gross sexual imposition | 2905.05(A)(4) | F3 | 60 months |
| A: 12-13 | Unlawful sexual conduct with a minor | 2907.04(A) | F3 | 60 months |
| A: 17, 43 | Importuning | 2907.07(A) | F4 | 18 months |
| A: 42 | Disseminating Matter Harmful to Juveniles | 2907.31(A)(1) | F4 | 18 months |

All counts were to be served concurrently. The court also designated Mayes a Tier III sex offender/child victim offender. Mayes did not appeal his conviction.

{¶ 4} Seven months later in mid-2013, Mayes filed a petition for post-conviction relief, alleging ineffective assistance of counsel. In support, he claimed he entered his no-contest plea based on his attorney's assurance that he would be parole-eligible after ten years and would be paroled after no more than 14 years. The trial court denied the motion after an evidentiary hearing, and we affirmed on appeal. *State v. Mayes*, 2d Dist. Montgomery No. 26095, 2014-Ohio-4409.

{¶ 5} In January 2016, Mayes moved to withdraw his pleas pursuant to Crim.R. 32.1. He claimed that his trial counsel had rendered ineffective assistance by failing to move for dismissal of the charges on speedy trial grounds due to the delay between his arrest and indictment. The trial court denied the motion as barred by res judicata. Mayes appealed and, after conducting an independent *Anders* review, we affirmed, reasoning in part that "[b]ecause Mayes could have, but did not, launch a direct appeal to raise the issue of defense counsel's purported failure to provide adequate advice

concerning his speedy trial rights, the issue is now barred by the doctrine of res judicata." *State v. Mayes*, 2d Dist. Montgomery No. 27194, 2017-Ohio-9313, ¶ 14. Mayes also raised a concern that the trial court had failed to notify him of his registration requirements as a Tier III sex offender, rendering his plea invalid. We stated that this issue also was barred by res judicata, but noted that the trial court had notified him of his registration requirements.

{¶ 6} Mayes again moved to withdraw his no contest pleas in July 2019. As before, the trial court denied the motion as barred by res judicata. Mayes appealed, but the appeal was dismissed for lack of prosecution. *State v. Mayes*, 2d Dist. Montgomery No. 28518, Decision & Final Judgment Entry (Jan. 3, 2020).

{¶ 7} In August 2021, Mayes filed a "motion to set aside judgment and vacate plea," which is the subject of this appeal. He argued that R.C. 2901.13(A)(1) barred the prosecution of any pre-S.B. 2 charges and that he should have benefited from any reduced sentence under R.C 1.58(B) and Am.Sub.H.B. 86. Two months later, on October 14, Mayes asked the trial court to enter a decision in his favor because the State had failed to respond to his motion. The trial court overruled both motions, stating that Mayes's motions were "nothing more than efforts to withdraw his intelligently, knowingly and voluntarily pleas. And thus, the Court OVERRULES Mr. Mayes August 2, 2021 and October 14, 2021 Motions as res judicata."

{¶ 8} Mayes appeals from the trial court's judgment, raising two assignments of error: (1) the trial court erred in ignoring statutory limits, and (2) the trial court erred in ignoring the language of H.B. 86. We will address them together.

## II. Successive Motion to Withdraw Plea

{¶ 9} Mayes's motion was entitled "motion to set aside judgment and vacate plea." Generally, courts have the ability to "recast irregular motions into whatever category [is] necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12; *State v. Clark*, 2d Dist. Darke No. 2021-CA-1, 2021-Ohio-2531, ¶ 19. Post-sentence motions to withdraw a plea and petitions for post-conviction relief exist independently. *State v. Bush*, 96 Ohio St.3d 235, 239, 2002-Ohio-3993, 773 N.E.2d 522. In this case, the trial court reasonably construed Mayes's motion as one to withdraw his pleas.

{¶ 10} Crim.R. 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, citing *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999).

{¶ 11} The post-sentence withdrawal of a plea is permitted only in the most extraordinary circumstances. *State v. Ray*, 2d Dist. Champaign No. 2019-CA-31, 2020-Ohio-4769, ¶ 13. The moving party has the burden of showing manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. We review the trial court's decision on a motion to withdraw a plea for an abuse of

discretion. *State v. Clark*, 2d Dist. Darke No. 2021-CA-1, 2021-Ohio-2531, ¶ 15.

{¶ 12} "The doctrine of res judicata bars a criminal defendant from raising and litigating in any proceedings any defense or claimed lack of due process that was raised or could have been raised on direct appeal from the conviction." (Citations omitted.) *State v. Young*, 2d Dist. Montgomery No. 20813, 2005-Ohio-5584, ¶ 8. "Res judicata generally bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *State v. Straley*, 159 Ohio St. 3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 23, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. In addition, res judicata applies to successive motions to withdraw a plea under Crim.R. 32.1. *State v. Stone*, 2d Dist. Clark No. 2021-CA-45, 2022-Ohio-1117, ¶ 20.

{¶ 13} Mayes did not file a direct appeal from his conviction, and he has twice previously moved to withdraw his pleas. At any of these opportunities, he could have raised the issues he now raises, but did not. The trial court did not abuse its discretion in concluding that res judicata barred Mayes's "motion to set aside judgment and vacate plea."

{¶ 14} Even if res judicata did not bar Mayes's claims, we nevertheless would find that they lack merit and that no manifest injustice exists.

{¶ 15} Mayes first asserts that the statute of limitations ran on the pre-S.B. 2 charges before he was indicted. Senate Bill 2, which Mayes references, was a comprehensive overhaul of Ohio's felony sentencing scheme.

{¶ 16} Prior to March 9, 1999, the statute of limitations for a felony offenses, other

than aggravated murder or murder, was six years. *See* former R.C. 2901.13(A)(1). In H.B. 49, that statute was amended to extend the prosecution for rape and other serious offenses to 20 years. *See* former R.C. 2901.13(A)(3) (effective March 9, 1999). Section 3 of H.B. 49 further provided that the amended statute applied prospectively and also "to an offense committed prior to the effective date of this act if prosecution for that offense was not barred under section 2901.13 of the Revised Code as it existed on the day prior to the effective date of this act."

{¶ 17} Each of Mayes's three indictments included some charges that occurred prior to July 1, 1996, the effective date of Senate Bill 2. However, all of the pre-S.B. 2 charges in the "A" and "B" indictments allegedly occurred within six years of March 9, 1999, the effective date of H.B. 49. Accordingly, under Section 3 of H.B. 49, the new 20-year statute of limitations applied to those charges, and they were timely indicted in 2011.

{¶ 18} The "C" indictment, filed on March 7, 2012, added six charges: three counts of gross sexual imposition, two counts of rape, and one count of rape by force. Count One allegedly occurred between September 13, 1988 and September 13, 1990, Counts Two through Five allegedly occurred between September 13, 1989 and September 12, 1992, and Count Six allegedly occurred between April 1, 1992 and September 12, 1992.

{¶ 19} On May 31, 2012, Mayes filed a motion to dismiss the "C" indictment, arguing that the six-year statute of limitations for each count had run prior to the effective date of H.B. 49. In its response, the State noted, citing R.C. 2901.13(F), that a statute of limitations does not begin to run during any time when the corpus delecti remains undiscovered, and R.M., the victim of the offenses, did not report the crimes until 2011.

The State argued that that the statute of limitations for the "C" charges began to run when R.M. turned 18 years old in 1997. The trial court did not rule on this motion to dismiss (although it ruled on other separate motions to dismiss), but Mayes withdrew his motion to dismiss and all other outstanding motions on the day of his plea hearing.

{¶ 20} Mayes cannot reasonably argue that his plea constitutes a manifest injustice when he expressly withdrew his motion to dismiss the "C" indictment charges prior to his plea. Moreover, the State accurately articulated the tolling of the statute of limitations with respect to a child-abuse victim. *See State v. Hensley*, 59 Ohio St.3d 136, 571 N.E.2d 711 (1991), syllabus ("For purposes of R.C. 2901.13(F), the corpus delicti of crimes involving child abuse or neglect is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act."); *State v. Wooldridge*, 2d Dist. Montgomery No. 17708, 1999 WL 812363, *8 (Oct. 8, 1999) (tolling of statute of limitations on child-abuse offense ceases upon the victim's attaining the age of 18 years). The Ohio Supreme Court specifically excluded parents from the list of responsible adults. *Hensley* at 141. Mayes states in his reply brief that R.M. reported to his mother in 1991 that Mayes "had touched him in a manner that he thought he shouldn't have" (emphasis omitted), but that was insufficient to trigger the statute of limitations. On the record before us, Mayes has not established that the counts in the "C" indictment were filed after the statute of limitations expired.

{¶ 21} Mayes's second claim raised that the trial court did not properly apply the sentencing laws. He cites R.C. 1.58(B) and 2011 Am.Sub.H.B. 86, which, among other things, reduced the sentence for certain offenses. In his reply brief, Mayes argues that

H.B. 86 eliminated an indefinite prison term for first-degree felonies. The judgment entry reflects that the trial court imposed a mandatory ten years in prison for the rapes ("A" and "B" indictments), not indefinite sentences. The life sentence for rape of a child under 13 by force (Count 5 of "C" indictment) was required by former R.C. 2907.02(B). Accordingly, we find no merit to Mayes's claim, nor has he shown a manifest injustice to justify the withdrawal of his plea.

{¶ 22} Mayes's assignments of error are overruled.

### III. Conclusion

{¶ 23} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Derrick E. Mayes
Hon. Steven K. Dankof