[Cite as *Becker, Co. v. Jedson Eng., Inc.*, 2018-Ohio-3924.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| THE JOHN A. BECKER COMPANY | : | |
| | : | |
| Plaintiff-Appellee/Cross-Appellant | : | Appellate Case No. 27891 |
| | : | |
| | : | Trial Court Case No. 2016-CV-6260 |
| v. | : | |
| | : | (Civil Appeal from |
| JEDSON ENGINEERING, INC. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant/Cross-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of September, 2018.

. . . . . . . . . . .

SCOTT A. LIBERMAN, Atty. Reg. No. 0058432 and STEVEN E. BACON, Atty. Reg. No. 0059926, 1 S. Main Street Suite 1590, Dayton, Ohio 45402
    Attorneys for Plaintiff-Appellee/Cross-Appellant

LEONARD A. WEAKLEY, Atty. Reg. No. 0000152, 1 Centennial Plaza, 705 Central Avenue, Cincinnati, Ohio 45202
    Attorney for Defendant-Appellant/Cross-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1} Two appeals are before us. Defendant-appellant, Jedson Engineering, Inc., appeals from an order overruling its motion for a stay pending arbitration. Jedson contends that the trial court erred by finding that it waived its right to arbitration by actively participating in litigation for nine months before raising the issue of arbitration. Plaintiff-cross-appellant, the John A. Becker Co., cross-appeals from the same order, but does not want the order reversed or modified. Rather, Becker seeks to change the reason for the denial of a stay. Becker contends that the arbitration clause in Jedson's "purchase order," which was submitted in response to Becker's "Credit Application Agreement" and Becker's quotation for materials, was not part of the contract, and consequently Jedson has no contractual right to arbitration.

{¶ 2} We conclude that the trial court did not abuse its discretion by finding that Jedson waived its right to arbitration. We also conclude that the trial court's findings as to the content of the parties' contract, which are raised by Becker in its cross-appeal, remain interlocutory in nature at this point in the proceedings and are not properly before us. We affirm the trial court's order.

## I. Background

{¶ 3} This case arises out of a project in Oklahoma in which Jedson was the general contractor hired by CP Kelco to convert an existing manufacturing line from one product to another product. Jedson sought to purchase certain lighting materials from Becker, and on April 20, 2016, Jedson executed Becker's "Credit Application Agreement," which included sale terms and conditions, including payment terms. The next day, April 21, Becker sent Jedson a quotation for certain materials, totaling $40,998. Jedson

submitted a "Purchase Order" the same day for the items listed in the quotation. Accompanying the purchase order were certain terms and conditions, including these two provisions:

2. **<u>Acceptance</u>**. Acceptance of the Order is expressly limited to the terms of the Agreement. Shipment and/or delivery by Seller of the items covered by the Agreement with the consent of the buyer shall in all cases constitute an unqualified acceptance of all the terms and conditions of the Agreement by Seller, whether or not Seller has countersigned the Agreement and/or the Order. No additional and/or different terms, including those which appear in any quotation, acceptance, invoice, sales order, or acknowledgement or written confirmation from Seller, shall be of any force or effect. Buyer has hereby notified Seller of Buyer's objection to any additional and/or different terms, in a duly executed writing. The Agreement shall constitute the entire agreement between Buyer and Seller unless otherwise expressly agreed to in a writing duly executed by Buyer and Seller.

16. **<u>Law and Jurisdiction</u>**: Dispute Resolution. * * * Buyer, at its option may also invoke binding and exclusive arbitration in Cincinnati, Ohio under the American Arbitration Association's Commercial Arbitration Rules, and Seller agrees to submit to such arbitration and to dismiss any legal proceedings related to the subject matter of such arbitration * * *. Buyer, at its option, may also invoke non-binding mediation, and Seller agrees to submit to such mediation and to stay or dismiss any legal proceedings

relating to the subject matter there.

{¶ 4} On June 7, 2016, Becker delivered the materials to Oklahoma, in accordance with the parties' agreement. But Jedson did not pay. According to Jedson, disputes about the project arose between it and CP Kelco, and CP Kelco refused to pay Jedson for work performed on the project. As a result, Jedson failed to pay approximately fifty subcontractors and material suppliers, including Becker. In August 2016, one of these subcontractors, Miller Valve & Controls, Inc., filed suit in Oklahoma state court against Jedson, CP Kelco, and six other defendants related to lien foreclosure and payment claims for the project. In September 2016, Jedson filed cross-claims against CP Kelco, and CP Kelco then filed cross-claims against Jedson for, among other things, "defective, nonconforming and unfit design and construction work" by Jedson's subcontractors and vendors. CP Kelco's cross-claims did not specify the nature of the alleged defective, nonconforming work, and unfit work or the responsibility of specific subcontractors or vendors. As a result, Jedson claimed that it did not know if the materials supplied by Becker were defective, nonconforming, or unfit, as alleged by CP Kelco.

{¶ 5} On December 9, 2016, Becker filed suit against Jedson in the Montgomery County Common Pleas Court for breach of contract. The parties originally stipulated to an extension of time until April 11, 2017, for Jedson to respond to the complaint, but the trial court found this unreasonable and shortened the deadline to February 28. Jedson did not file a response by the deadline, so on March 7, the trial court issued a notice of default. Jedson responded to the notice, and the court granted it leave to respond. On April 19, Jedson filed a motion to dismiss or, alternatively, a motion for a stay of the proceedings. Jedson asked the court to dismiss Becker's complaint or to stay any further

proceedings under the doctrine of forum non conveniens, as a matter of comity (due to the pending Oklahoma litigation), or because of a failure to join CP Kelco as a necessary party. The motion also mentioned a stay based on a request for mediation, but Jedson did not argue this basis and, according to an affidavit filed by Becker, Jedson never requested that Becker engage in mediation. In response, Becker pointed out that it did not have a claim against CP Kelco, nor did it have a lien on CP Kelco's property. Moreover, Becker said that it was not involved in the Oklahoma litigation and that there was no litigation pending between it and Jedson in Oklahoma.

{¶ 6} The trial court and both parties agreed to hold the case in abeyance while the parties in the Oklahoma litigation tried to resolve the matter and get all the subcontractors and vendors paid. Counsel for Becker updated the trial court on the status of the Oklahoma litigation. In May 2017, Jedson filed a third-party complaint against Becker in the Oklahoma litigation, but it later voluntarily dismissed its claims against Becker, after Becker filed a motion to dismiss for lack of personal jurisdiction. This occurred after the Oklahoma court had dismissed on the same ground Jedson's claims against another Ohio-based defendant similarly situated to Becker.

{¶ 7} Back in Ohio, on September 22, 2017, while Jedson's first motion for a stay was still pending, Jedson filed a second motion for a stay pending arbitration. On November 6, the trial court overruled Jedson's first motion to dismiss or stay proceedings, and on January 29, 2018, the court overruled Jedson's motion for a stay pending arbitration. The court concluded that, while the terms of parties' contract gave Jedson the right to invoke arbitration, Jedson had waived the right by failing to seek (or even mention) arbitration as a remedy for over nine months while actively participating in litigation.

{¶ 8} Jedson appeals from the order overruling its motion for a stay pending arbitration, and Becker cross-appeals from the order.

## II. Waiver of Arbitration

{¶ 9} Jedson's sole assignment of error alleges:

The Trial Court Erred By Overruling Defendant/Appellant's Motion To Stay Pending Arbitration.

{¶ 10} The trial court concluded that, under the parties' contract, Jedson had the right to invoke arbitration, but the court further found that Jedson had waived this right by actively participating in litigation for nine months. Jedson challenges this finding.

{¶ 11} " '[T]he question of waiver is usually a fact-driven issue.' " *Murtha v. Ravines of McNaughton Condominium Assn.*, 10th Dist. Franklin No. 09AP-709, 2010-Ohio-1325, ¶ 20, quoting *ACRS, Inc. v. Blue Cross & Blue Shield of Minnesota*, 131 Ohio App.3d 450, 456, 722 N.E.2d 1040 (8th Dist.1998). "In determining whether a trial court has properly ruled upon a motion to stay the proceedings and compel arbitration, the standard of review is whether the order constitutes an abuse of discretion." (Citation omitted.) *Lindsey v. Sinclair Broadcast Group, Inc.*, 2d Dist. Montgomery No. 19903, 2003-Ohio-6898, ¶ 19.

{¶ 12} The parties agree that Ohio law governs this case. Ohio arbitration law provides that a case involving an arbitrable issue should be stayed pending arbitration of that issue:

If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to

arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

R.C. 2711.02(B). However, " '[l]ike any other contractual right, the right to arbitrate may be waived.' " *White v. Smith*, 2d Dist. Greene No. 2014-CA-48, 2015-Ohio-1671, ¶ 24, quoting *Murtha* at ¶ 20. "Given Ohio's public policy favoring arbitration, the party asserting that the right to arbitrate has been waived bears the burden of proving waiver." (Citation omitted.) *Morris v. Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, 939 N.E.2d 928, ¶ 17 (10th Dist.). "A court will not lightly infer waiver of a right to arbitrate." *Id.* at ¶ 18, citing *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 415, 701 N.E.2d 1040 (3d Dist.1997). " ' "A party asserting waiver must prove that the waiving party knew of the existing right to arbitrate and, based on the totality of the circumstances, acted inconsistently with that known right." ' " *White* at ¶ 25, quoting *Pinnell v. Cugini & Cappoccia Builders, Inc.*, 10th Dist. Franklin No. 13AP-579, 2014-Ohio-669, ¶ 18, quoting *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. Franklin No. 10AP-353, 2011-Ohio-80, ¶ 21. " ' "In determining whether the totality of the circumstances supports a finding of waiver, a court may consider such factors as: (1) whether the party seeking arbitration invoked the court's jurisdiction by filing a complaint or claim without first requesting a stay; (2) the delay, if any, by the party seeking arbitration to request a stay; (3) the extent to which the party seeking arbitration has participated in the litigation; and (4) whether prior inconsistent acts by the party seeking arbitration would prejudice the non-moving party." ' " *Id.*, quoting *Pinnell* at ¶ 18, quoting *Dispatch Printing* at ¶ 21.

{¶ 13} Jedson first appeared in this case by filing a stipulation for extension of time to file a responsive pleading. When the extension expired, the trial court prompted Becker to file for default judgment. Six days later, Jedson filed a response to the court's notice of default in which it stated that it had not received any orders from the court. At the same time, Jedson filed a motion for leave to move, plead, or otherwise defend out of time on the grounds of excusable neglect. A month later, Jedson filed a motion to dismiss based on forum non conveniens, its right to mediate any dispute arising out of the purchase-order terms, and failure to join a necessary party. Alternatively, Jedson moved the court to stay the case as a matter of comity based on the pending litigation in Oklahoma. After a telephone conference with the trial court, with the understanding that the Oklahoma litigation influenced this case, the parties agreed to provide the trial court with status updates on the Oklahoma case. Becker filed updates in July, August, and September 2017. Then, on September 22, 2017, before the court issued a decision on the pending motion to dismiss or stay, Jedson filed the motion for a stay pending arbitration. Before this, Jedson had never raised the issue of arbitration in the trial court. Furthermore, in an affidavit, Becker averred that it did not receive any notice or other information of Jedson's intent to arbitrate this dispute. So from the time that Jedson first appeared in this case in January 2017 until it filed the motion for a stay pending arbitration, it never mentioned its right to invoke arbitration.

{¶ 14} The trial court found that, given the express terms in the purchase order, Jedson knew of its right to invoke arbitration and that it acted inconsistently with that right. The court acknowledged that Jedson had yet to file an answer, but the court found that Jedson did file a third-party complaint against Becker in the Oklahoma case that was

based on the purchase order's terms and conditions; Jedson later dismissed this complaint. The court concluded that, though Jedson did not initially invoke the court's jurisdiction, all the remaining factors weighed heavily in favor of waiver. The court later found that Jedson's actions throughout this case and in the Oklahoma case were inconsistent with its right to invoke binding arbitration. The trial court considered Jedson's first motion to dismiss or stay as most important to its decision, because in that motion Jedson asked for a stay of the case on the grounds of comity, based on the pending litigation in Oklahoma, but did not mention arbitration. Jedson argued in that motion that the case should be stayed because the Oklahoma case involved the same parties and the same subject matter and because Jedson had filed a third-party complaint in that case. The trial court found that Jedson's request to stay the case on those grounds constituted conduct entirely inconsistent with its right to arbitration.

{¶ 15} Jedson argues that Ohio appellate courts have held that arbitration provisions should be enforced in circumstances far less compelling than those in this case. But the cases that Jedson cites are factually distinguishable from this case. In *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 701 N.E.2d 1040 (3d Dist.1997), the arbitration provision provided that the parties agreed to submit all disputes to arbitration. The provision did not just give one party the option. Furthermore, the waiver argument was based on conduct that occurred before suit was filed. The arbitration provision in *Savage v. All Family Homes, Inc.*, 11th Dist. Geauga No. 92-G-1688, 1992 WL 366898 (Dec. 11, 1992), similarly made all disputes subject to arbitration. The plaintiff asserted that the defendant had waived arbitration but provided no evidence to support that assertion. Also, the defendant had asserted the defense of lack of jurisdiction based

on the arbitration provision and had defended on the grounds that the contract barred the action. The court found that this was sufficient to preserve the right to arbitration. In *Morris v. Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, 939 N.E.2d 928 (10th Dist.), the appellate court concluded that a request to file a cross-claim was not inconsistent with the contractual right to arbitrate, because the cross-claim was never actually filed and because the proposed cross-claim would not have been subject to arbitration.

{¶ 16} On the record in this case, we cannot say that the trial court abused its discretion by finding that Jedson waived its right to arbitration. Jedson's sole assignment of error is overruled.

### III. Becker's cross-appeal

{¶ 17} The sole cross-assignment of error in Becker's cross-appeal from the order overruling Jedson's motion for a stay pending arbitration alleges:

The Trial Court Erred in Holding that the Parties' Credit Agreement and Becker's April 21, 2016 Quote, Issued to Jedson, Did Not Constitute an Offer and in Failing to Find that the Arbitration Provisions of Jedson's Purchase Order Were a Material Alteration to the Parties' Contract Which Were Not Binding on Becker.

{¶ 18} A party must file a notice of cross-appeal only if the party "seeks to change the judgment or order." App.R. 3(C)(1). Becker does not seek to change the order, but to change the reason for the order. The trial court denied Jedson a stay because it found that Jedson had waived its right to arbitration. Becker would rather the reason be that Jedson has no right to arbitration, because the right to arbitration was not part of the parties' contract. Becker contends that the trial court incorrectly concluded that its

quotation was not the offer. Becker argues that its quotation, along with the credit agreement, was the offer; that Jedson accepted that offer; that Jedson's acceptance was not conditioned on accepting the arbitration provision in the purchase order, under R.C. 1302.10(A); and that the arbitration provision in the purchase order did not become part of the parties' contract, under R.C. 1302.10(B), because the provision would materially alter the contract, under R.C. 1302.10(B)(2). In essence, Becker is defending the trial court's decision on a different basis, one that the court considered but rejected.

{¶ 19} An appellate court has jurisdiction to review, affirm, modify, set aside, or reverse judgments or final orders for prejudicial error. R.C. 2501.02. An appellate court may affirm based on different reasoning than found by a trial court, but an appellate court cannot disturb a judgment or order that is legally correct based on different reasoning. *See State ex rel. Sommers v. Perkins Local Schools Bd. of Edn.*, 2017-Ohio-7991, 98 N.E.2d 1117, ¶ 26 (6th Dist.). The fundamental questions in an appeal are, one, whether the appealed decision itself is erroneous and, two, whether that error is prejudicial. A decision that achieves the right result must be affirmed, even if the wrong reasoning is used to justify the decision, because an error in reasoning is not prejudicial. *See id.*, quoting *City of Toledo v. Schmiedebusch*, 192 Ohio App.3d 402, 2011-Ohio-284, 949 N.E.2d 504, ¶ 37 (6th Dist.) (an appellate court will not reverse a trial court decision that " 'achieves the right result for the wrong reason, because such an error is not prejudicial' ").

{¶ 20} Here, the appealed order was the denial of a stay pending arbitration. We have concluded that denying the stay was the right result. Becker does not disagree. Whether that decision were justified on the ground that Jedson waived its right to

arbitration or on the ground that Jedson had no right to arbitration, the result would be the same—no stay. Far from prejudicing Becker, it is what Becker wanted.

**{¶ 21}** Becker also wants to argue the contents of the parties' contract in this appeal. But the only issue that is properly before us now is whether it was an abuse of discretion for the trial court to find that Jedson waived its right to arbitration. We think that any findings by the trial court related to the contract's contents are interlocutory at this stage in the case and therefore they are not properly before us in this appeal.

**{¶ 22}** The cross-assignment of error is overruled.

### IV. Conclusion

**{¶ 23}** We have overruled Jedson's assignment of error and found that the issues raised in Becker's cross-assignment of error are not properly before us. The trial court's order denying a stay pending arbitration is affirmed and the matter is remanded for further proceedings.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Scott A. Liberman
Steven E. Bacon
Leonard A. Weakley
Hon. Gregory F. Singer