[Cite as *State v. Clark*, 2021-Ohio-2531.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**DARKE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-1 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-288 |
| | : | |
| WILLIAM H. CLARK | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of July, 2021.

. . . . . . . . . . .

R. KELLY ORMSBY, III, Atty. Reg. No. 0020615, Prosecuting Attorney, Darke County
Prosecutor's Office, 504 South Broadway, Greenville, Ohio 45331
    Attorney for Plaintiff-Appellee

WILLIAM H. CLARK, #A713-258, P.O. Box 5500 Chillicothe, Ohio 45601
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant William H. Clark appeals from a judgment of the Darke County Court of Common Pleas, which overruled his motion to withdraw his guilty plea without a hearing. For the reasons that follow, the trial court's judgment will be affirmed.

I.      Facts and Procedural History

{¶ 2} In November 2014, Clark was indicted on 11 counts of rape of a person less than 13 years of age in violation of R.C. 2907.02(A)(1)(b). The charges stemmed from allegations that Clark had sexually abused his minor stepdaughter from July 2011 until August 2014 at various residences in and around Greenville.

{¶ 3} In February 2015, Clark agreed to enter an *Alford* guilty plea, and in exchange, the State agreed to dismiss six rape counts and amend the other five to sexual battery, in violation of R.C. 2907.03(A). As part of the plea, the parties agreed to a jointly-recommended sentence of 25 years in prison. It was also agreed that Clark would be designated as a Tier III sex offender.

{¶ 4} At the plea hearing, the court conducted a full Crim.R. 11 plea colloquy and accepted Clark's *Alford* plea to the five counts of sexual battery, finding that his plea was entered in a knowing, intelligent, and voluntary fashion. The trial court proceeded directly to disposition and imposed the agreed-upon mandatory 25-year sentence.

{¶ 5} Clark did not file a direct appeal; instead, he filed a series of post-conviction motions. In August 2015, he filed a pro se motion for a new trial despite not having a trial. Clark claimed that he had discovered, through correspondence with his wife, that the victim had recanted her story. Further, he alleged that the State became aware of this information before trial, but neither he nor his counsel was made aware of it. In the

alternative, Clark requested that the court review his motion for a new trial as a post-conviction relief petition under R.C. 2953.21(A).

{¶ 6} The trial court denied the motion without a hearing, reasoning that a motion for a new trial was improper when there was, in fact, no trial. It did not address Clark's post-conviction alternative. Clark appealed, and we remanded for the trial court to review the motion as a post-conviction relief petition under R.C. 2953.21 and to issue a ruling on the petition in accordance with Crim.R. 35. *State v. Clark*, 2017-Ohio-120, 80 N.E.3d 1251 (2d Dist.).

{¶ 7} Clark moved for the appointment of counsel to assist him in his post-conviction pursuit. His request was granted, and new counsel filed several motions, including a request that the State provide copies of all discovery turned over to Clark's original trial counsel. The State complied, and afterward, counsel filed a supplement to Clark's original pro se petition for post-conviction relief. Ultimately, the trial court denied the petition, and Clark again appealed to this court. We affirmed the trial courts judgment and held that Clark was not prejudiced by ineffective assistance of counsel and that his claim was barred by res judicata. *State v. Clark*, 2d Dist. Darke No. 2017-CA-14, 2018-Ohio-4042.

{¶ 8} In June 2020, Clark filed a motion with the trial court to withdraw his guilty plea pursuant to Crim.R. 32.1, alleging newly discovered evidence. Clark claims that he became aware of medical records in May 2020 that were "not included in the original discovery package." These records, Clark averred, contradicted statements made by the victim, and had he known about them at the time, he would not have pled guilty. In fact, he declared that the documents proved his actual innocence.

{¶ 9} In response, the State asserted that all the documents were turned over to defense counsel in 2015 prior to Clark's plea. Clark insisted, however, that his original trial counsel "withheld this valuable and vital information" from him. To settle the discrepancy, the trial court ordered that counsel provide "copies of any communications or other writings which describe or identify which documents and tangible evidence were provided to the Defendant. Copies of the documents and tangible evidence shall also be provided." The items were disclosed under seal.

{¶ 10} In December 2020, the trial court denied Clark's motion to withdraw his plea. It found that the motion was "both untimely and an impermissible use of Criminal Rule 32.1," and therefore considered Clark's motion "as one for post-conviction relief pursuant to R.C. 2953.21." The court concluded that there was not any newly discovered evidence and that Clark had "failed to establish any manifest injustice in [his] conviction."

{¶ 11} Clark has filed a timely appeal.

II.     **The trial court did not abuse its discretion and counsel was not ineffective**

{¶ 12} Clark now argues that the trial court abused its discretion when it "recharacterized or converted" his motion to withdraw his plea into a post-conviction relief petition. He also alleges that his trial counsel was ineffective for allegedly failing to inform him about favorable evidence, making his plea less than knowing, intelligent, and voluntary.

{¶ 13} Crim.R. 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant

to withdraw his or her plea." The Supreme Court of Ohio has held that a pre-sentence motion to withdraw a plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 14} Post-sentence motions to withdraw a guilty plea, on the other hand, may only be made to correct a manifest injustice. Crim.R. 32.1. "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶ 5. "Under the standard of manifest injustice, a postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Day*, 2d Dist. Greene No. 2015-CA-15, 2016-Ohio-36, ¶ 18. The moving party has the burden of showing manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

{¶ 15} Appellate courts review motions to withdraw guilty plea decisions for abuse of discretion. *State v. Rozell*, 2018-Ohio-1722, 111 N.E.3d 861, ¶ 25 (2d Dist.). Abuse of discretion has been defined as an attitude that is "unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 16} While Crim.R. 32.1 does not set out a time limitation to file a motion to withdraw, some courts have recognized one. The Third District, for example, has held that "a trial court has no authority to even consider a motion to withdraw a plea after a

conviction has been affirmed on appeal; or if there was no appeal, after the time for filing the original appeal has passed." *State v. Carter*, 3d Dist. Allen No. 1-11-36, 2011-Ohio-6104, ¶ 11. *See also State v. Caston*, 6th Dist. Erie No. E-11-077, 2012-Ohio-5260.

{¶ 17} Other courts of appeals, such as this one, have held that an "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." (Citations omitted.) *State v. Cardenas*, 2016-Ohio-5537, 61 N.E.3d 20, ¶ 29 (2d Dist.).

{¶ 18} In this case, the trial court, using the logic from the Third and Sixth Districts, determined that because the time for filing the original appeal had passed, Clark's motion to withdraw his plea was untimely, and it no longer had the ability to decide the motion as filed. Instead, the court recast the motion as one for post-conviction relief pursuant to R.C. 2953.21. Converting the motion to withdraw the plea into a post-conviction relief petition, however, was an error.

{¶ 19} Generally, courts have the ability to "recast irregular motions into whatever category [is] necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. Some motions, however, may not be changed by the trial court, and this is one of those cases. The Ohio Supreme Court has held that "R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea. Postsentence motions to withdraw guilty or no contest pleas and postconviction relief petitions exist independently." *State v. Bush*, 96 Ohio St.3d 235, 239, 2002-Ohio-3993, 773 N.E.2d 522. *See also Schlee* at ¶ 13.

{¶ 20} While the trial court erred in recasting the motion, the analysis does not end there. We must determine, pursuant to Crim.R. 32.1, if denying Clark's motion to withdraw his plea after sentencing created a manifest injustice. As stated above, to rise to the level of manifest injustice, the denial must equate to a miscarriage of justice or be inconsistent with the demands of due process. *Williams* at ¶ 5. We do not find that here.

{¶ 21} Clark first claims that he did not have access to some "favorable evidence" (in the form of medical records of both him and the victim) before his plea – going as far as to say that counsel "deliberately withheld evidence from [him] which was in [his] favor," and accusing counsel and the State of conspiring against him to facilitate a guilty plea.

{¶ 22} The trial court addressed this contention below, ordering Clark's trial attorney to demonstrate that all the medical records were not just turned over by the prosecution prior to the plea hearing, but shared with Clark. After considering the evidence received from Clark's counsel in response to the order, the trial court specifically found that there was no newly discovered evidence and that "[t]he Defendant's attorney reviewed [the medical records] with the Defendant." Judgment Entry at 3.

{¶ 23} Taking the facts as relayed by the trial court as true, we cannot say that denying Clark's request to withdraw his guilty plea resulted in a manifest injustice in this case. The court considered Clark's claim, investigated the trial attorney's conduct, received documents from the attorney, and then after reviewing them, made a reasonable decision to deny Clark's motion to withdraw his guilty plea. It appears that Clark had all the State's evidence against him and chose to take the substantial benefit offered by pleading guilty – the dismissal of numerous charges and a dramatic reduction in possible prison time.

{¶ 24} We now turn to Clark's next claim that he was a victim of ineffective assistance of counsel because, he alleges, trial counsel did not make him aware of the medical records before his plea.

{¶ 25} It is well established that ineffective assistance of counsel can constitute the manifest injustice required to permit the post-sentence withdrawal of a guilty plea. *State v. Banks*, 2d Dist. Montgomery No. 25188, 2013-Ohio-2116, ¶ 9. To establish an ineffective assistance of counsel claim, a defendant must satisfy the two-pronged test in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must demonstrate that (1) defense counsel's performance was so poor that he or she was not functioning as the counsel guaranteed by the Sixth Amendment, and (2) the defendant was prejudiced by counsel's errors. *Id.* To demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1998), first paragraph of the syllabus.

{¶ 26} A guilty plea, including an *Alford* plea, waives all appealable errors, including claims of ineffective assistance of counsel, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *State v. Riddle*, 2017-Ohio-1199, 88 N.E.3d 475, ¶ 26 (2d Dist.).

{¶ 27} Here, the record establishes that counsel did not act deficiently, and the analysis can stop at the first prong. Despite Clark's contention to the contrary, the trial court found that his trial attorney shared the required medical records with him during the discovery process, prior to his pleading guilty. With that, Clark had the information he stated he needed to make a knowing, intelligent, and voluntary plea. Any other potential

argument is negated by the *Alford* plea.

{¶ 28} One final argument is weaved throughout Clark's brief: that the State was in possession of *his* medical records and purposely concealed them from him. For its part, the State concedes that while it turned over other medical records, it did not provide Clark with a copy of his own records prior to the guilty plea. Providing Clark with his own records, however, was not the State's responsibility. *See Shank v. Mitchell*, S.D. Ohio No. 2:00-cv-17, 2009 WL 3210350, *9 (Sept. 30, 2009) (the State has no duty to disclose information that is readily available to the defense through exercise of its own diligence); *LeCroy v. Secretary, Florida Dept. of Corr.*, 421 F.3d 1237, 1268 (11th Cir.2005) ("In this case, defense counsel obviously could have obtained the defendant's own medical and school records by exercising reasonable diligence. Consequently, there is no *Brady* violation."); *State v. Heisey*, 2015-Ohio-4610, 48 N.E.3d 157, ¶ 32-33 (2d Dist.) (the State is not obligated to conduct the defendant's investigation for him when the defendant could have obtained the requested information himself).

{¶ 29} Like the cases just cited, the State was under no obligation to provide Clark with his own medical records. The purpose of discovery is to even the playing field, avoid surprise, and in a criminal case, to allow the accused to intelligently defend him or herself. Its purpose is not for the State to do the work of the defense attorney. Clark and/or his attorney was certainly capable of obtaining his own medical records. Clark's argument that it was the State's duty to provide him with his own records is without merit.

{¶ 30} Finally, it should be noted that even though the trial court reclassified the motion as a post-conviction relief petition, it properly used the "manifest injustice" language associated with motions to withdraw guilty pleas.  The ultimate result was

correct, and as we have previously held, "[a] decision that achieves the right result must be affirmed, even if the wrong reasoning is used to justify the decision, because an error in reasoning is not prejudicial." *John A. Baker Co., v. Jedson Eng., Inc.*, 2018-Ohio-3924, 121 N.E.3d 788, ¶ 19 (2d Dist.). *See City of Toledo v. Schmiedebusch*, 192 Ohio App.3d 402, 2011-Ohio-284, 949 N.E.2d 504 (6th Dist.) (an appeals court will not reverse a trial court's decision that achieves the right result for the wrong reason because the error is not prejudicial).

{¶ 31} The trial court did not abuse its discretion when it denied Clark's motion to withdraw his guilty plea, and his trial counsel was not deficient. The assignment of error is overruled.

### III.    Conclusion

{¶ 32} The trial court's judgment denying Clark's motion to withdraw his guilty plea will be affirmed.

. . . . . . . . . . . .


DONOVAN, J. and HALL, J., concur.


Copies sent to:

R. Kelly Ormsby, III
William H. Clark
Hon. Jonathan P. Hein