[Cite as *State v. McGraw*, 2022-Ohio-1321.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                      No. 110799

    v.                           :

JOHN A. MCGRAW,                         :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 21, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-10-534815-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha Forchione, Assistant Prosecuting Attorney, *for appellee*.

John McGraw, *pro se*.

SEAN C. GALLAGHER, A.J.:

{¶ 1} John A. McGraw appeals the denial of his fourth postsentence motion to withdraw his guilty pleas. For the following reason, we affirm.

{¶ 2} In 2011, McGraw was convicted of various murder-related offenses for strangling his girlfriend to death. In exchange for dismissing the capital

specification attendant to the aggravated murder count, McGraw pleaded guilty to one count of aggravated murder with prior calculation and design, a violation of R.C. 2903.01(A); aggravated burglary, a violation of R.C. 2911.11(A)(1); and failure to comply with an order of a police officer, a violation of R.C. 2921.331(B). McGraw was sentenced to an indefinite aggregate term of imprisonment of 45 years to life.

{¶ 3} As it will be discussed in further detail, our review and the trial court's ability to offer McGraw his requested relief are hampered by the procedural posture of this case. McGraw was granted leave to file a delayed appeal in 2011, in which his convictions were affirmed. *State v. McGraw*, 8th Dist. Cuyahoga No. 96606, 2012-Ohio-174 ("*McGraw I*"); *see also State v. McGraw*, 8th Dist. Cuyahoga No. 96606, 2012-Ohio-3247 ("*McGraw II*") (denial of petition to reopen direct appeal). McGraw also filed several motions to withdraw or vacate his guilty pleas in 2011 and 2012, which were denied, and a separate postconviction-relief petition in 2011. The trial court denied appellant's postconviction-relief petition, which this court affirmed in that subsequent appeal. *State v. McGraw*, 8th Dist. Cuyahoga No. 97839, 2012-Ohio-3692 ("*McGraw III*"). In 2015, McGraw filed another motion to withdraw his guilty pleas, claiming that the trial court failed to inform him of the maximum penalties for the counts to which he pleaded guilty and failed to advise him of the postrelease control. The trial court's decision denying the requested relief was also affirmed. *State v. McGraw*, 8th Dist. Cuyahoga No. 102807, 2016-Ohio-205, ¶ 4 ("*McGraw IV*"). In pertinent part, the *McGraw IV* panel concluded that

res judicata precluded McGraw from advancing new claims in successive motions to withdraw his guilty pleas. *Id.* at ¶ 14.

{¶ 4} Despite this admonition, in 2021, McGraw filed yet another postconviction motion to withdraw his guilty plea under Crim.R. 32.1. In this latest attempt, McGraw claimed that the underlying record of his original conviction failed to demonstrate that the trial court complied with the mandatory hearing requirement under R.C. 2945.37 after McGraw's competency became an issue in the pretrial proceedings but before McGraw entered his guilty pleas, which in turn precluded McGraw from knowingly, voluntarily, and intelligently entering his guilty pleas. The trial court denied the motion, and this timely appeal followed.

{¶ 5} We need not address the merits of McGraw's latest attempt to withdraw his guilty pleas. All of his claims are barred under the doctrine of res judicata, and moreover, the trial court lacked authority to grant McGraw his requested relief since McGraw's convictions were affirmed in *McGraw I* based on McGraw's failure to timely appeal his first postsentence motion to withdraw his guilty plea. Under either theory, we must affirm.

{¶ 6} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "Manifest injustice" is defined as a "fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably

available to him or her. It has also been defined as 'a clear or openly unjust act,' which exists only in extraordinary cases." *State v. Cottrell*, 8th Dist. Cuyahoga No. 95053, 2010-Ohio-5254, ¶ 16, citing *State v. Blatnik*, 17 Ohio App.3d 201, 202, 478 N.E.2d 1016 (6th Dist.1984). As has already been concluded as law of this case, however, "'res judicata * * * acts to bar raising issues in a successive Crim.R. 32.1 motion to withdraw a plea of guilty where those issues could have been raised in the prior Crim.R. 32.1 motion.'" *McGraw IV*, quoting *State v. Tran*, 10th Dist. Franklin No. 11AP-146, 2012-Ohio-1072, ¶ 11; *State v. Ikharo*, 10th Dist. Franklin No. 10AP-967, 2011-Ohio-2746, ¶ 11; and *State v. Gallegos-Martinez*, 5th Dist. Delaware No. 10-CAA-06-0043, 2010-Ohio-6463, ¶ 12. This district adheres to this precedent. *Id.*, citing *State v. Waite*, 8th Dist. Cuyahoga No. 96954, 2012-Ohio-489, ¶ 7 (collecting cases); *see also State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 7} Further, a trial court lacks authority to consider a motion to withdraw a guilty plea subsequent to an affirmance of an offender's convictions by an appellate court. According to well-settled law, Crim.R. 32.1 "'does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.'" *Ketterer* at ¶ 61, quoting *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978). In other words, once the convictions have been affirmed

on appeal, the trial court no longer may entertain a postsentence motion to withdraw a guilty plea under Crim.R. 32.1.[1] *See also State v. Hill*, 1st Dist. Hamilton No. C-190337, 2020-Ohio-3271, ¶ 10; *State v. Carter*, 3d Dist. Allen No. 1-11-36, 2011-Ohio-6104, ¶ 11; *State v. Caston*, 6th Dist. Erie No. E-11-077, 2012-Ohio-5260, ¶ 10; *State v. Smith*, 7th Dist. Mahoning No. 14 MA 65, 2015-Ohio-4809, ¶ 5; *State v. Bains*, 8th Dist. Cuyahoga No. 98845, 2013-Ohio-2530, ¶ 21; *Ohio v. Torres*, 9th Dist. Medina No. 19CA0076-M, 2020-Ohio-3691, ¶ 7; *State v. Davic*, 2021-Ohio-131, 166 N.E.3d 681, ¶ 16-22 (10th Dist.) (concluding that *Special Prosecutors* has not been overruled by the Ohio Supreme Court); *State v. Peters*, 12th Dist. Clermont No. CA2015-07-066, 2016-Ohio-5288, ¶ 8.

{¶ 8} As a result, McGraw's claims regarding his fourth postsentence motion to withdraw his guilty plea are barred by the doctrine of res judicata. The claims regarding the trial court's handling of the competency issue could have been, at the least, addressed in one of the three earlier postsentence motions to withdraw the guilty pleas. *McGraw IV* at ¶ 14. McGraw also did not timely appeal two of the denials. But beyond all of that, the trial court lacked authority to consider the merits of the current motion, which if successful would have resulted in vacating the

---

[1] McGraw cannot recast his motion into another form for the purposes of circumventing *Ketterer*. *State v. Clark*, 2d Dist. Darke No. 2021-CA-1, 2021-Ohio-2531, ¶ 19. "'R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea. Postsentence motions to withdraw guilty or no contest pleas and post-conviction relief petitions exist independently.'" *Id.*, quoting *State v. Bush*, 96 Ohio St.3d 235, 239, 2002-Ohio-3993, 773 N.E.2d 522.

convictions that were affirmed in *McGraw I*, a proposition that is contrary to binding precedent. *Ketterer* at ¶ 61. McGraw's arguments are overruled.

{¶ 9} In light of the procedural posture of this case, we sua sponte issue the following admonition. McGraw has taxed the limited resources of this court through the continuous filing of appeals that are not reasonably grounded in fact or warranted by existing law. *See McGraw IV* at ¶ 14; *Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, at ¶ 59. Accordingly, we are providing a warning to McGraw of this court's inherent power to prevent abuse of the appellate process. We must caution appellant on the potential impact of his repeated attempts to raise arguments that have been rejected by this court or were long ago settled. The conduct of McGraw, through the continued filing of appeals from the denials of motions that are frivolous, may result in McGraw being declared a vexatious litigator.

{¶ 10} The trial court has no authority to consider any motions to withdraw a plea following the affirmance of the conviction in the direct appeal, and therefore, any appeal following the denial of a successive motion is not warranted by existing law. There are no reasonable grounds for this appeal, which is solely focused on the substantive foundation of McGraw's guilty pleas that were long ago settled. Accordingly, McGraw is forewarned that the continued filing of appeals that are not reasonably grounded in fact or warranted by existing law shall result in his being declared a vexatious litigator subject to future filing requirements. *State v. Jefferson*, 8th Dist. Cuyahoga No. 108791, 2020-Ohio-3182, ¶ 15-16; *State v. Perry*,

8th Dist. Cuyahoga No. 107596, 2019-Ohio-547, ¶ 12; *Calhoun v. Calhoun*, 8th Dist. Cuyahoga No. 99955, 2014-Ohio-703, ¶ 14.

{¶ 11} With this admonition in mind, McGraw's sole assignment of error is overruled. The trial court's decision denying McGraw's fourth postsentence motion to withdraw his guilty pleas is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

FRANK DANIEL CELEBREZZE, III, J., and
KATHLEEN ANN KEOUGH, J., CONCUR