[Cite as *State v. Clark*, 2024-Ohio-2646.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-3 |
| | : | |
| v. | : | Trial Court Case No. 14CR00288 |
| | : | |
| WILLIAM H. CLARK | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on July 12, 2024

. . . . . . . . . . .

WILLIAM H. CLARK, Pro Se Appellant

KELLY ORMSBY, III, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant William H. Clark appeals from a judgment of the Darke County Court of Common Pleas denying his "motion to set aside judgment." For the

reasons that follow, the judgment of the trial court will be affirmed.

### I.     Facts and Procedural History

{¶ 2} In November 2014, Clark was indicted on 11 counts of rape of a person less than 13 years of age. The charges stemmed from allegations that, between July 2011 and August 2014, Clark had sexually abused his minor stepdaughter. The charges could have resulted in life sentences.

{¶ 3} On February 13, 2015, Clark entered into a plea agreement. In exchange for entering an *Alford* plea of guilty to five counts of sexual battery, the State agreed to dismiss the rape charges. As part of the agreement, the parties agreed to jointly recommend that Clark serve a mandatory, aggregate sentence of 25 years in prison – five years for each count, served consecutively. It was also agreed that he would be designated a Tier III sex offender. The trial court accepted the plea and imposed the agreed-upon sentence. There was no direct appeal.

{¶ 4} Six months after entering his guilty plea, Clark filed a pro se motion with the trial court captioned "Defendant's Motion for New Trial Pursuant to Criminal Rule 33(A)(6)." Notwithstanding the fact that he did not go to trial in the first place, he sought a new trial on grounds that he had recently discovered that the victim allegedly admitted to his wife (the victim's mother) in November 2014 that the accusations against him were untrue. Clark attached two affidavits in support. One was from his wife, who claimed that in November 2014, the victim informed her it was not Clark, but two uncles, who had abused her. Clark's wife also asserted that one of the State's caseworkers was made aware of the supposed false allegations in November 2014. The other affidavit was from

Clark himself. He proclaimed his innocence, alleged that the State failed to inform his counsel about his stepdaughter's purported revelation, and claimed that his plea was "coerced to avoid [an] enhanced penalty[.]"

{¶ 5} The trial court dismissed Clark's motion for a new trial, reasoning that "there was no trial wherein the alleged errors could have occurred." On appeal, however, we stated that Clark's motion should have been reviewed as a petition for post-conviction relief instead of dismissing it solely based on the inapplicability of Crim.R. 33. *State v. Clark*, 2017-Ohio-120, 80 N.E.3d 1251, ¶ 17 (2d Dist.). The case was remanded to the trial court to review the petition as one for post-conviction relief under R.C. 2953.21.

{¶ 6} Clark filed an updated post-conviction petition that included six claims. As pertinent to this case, he re-asserted that he had discovered new evidence that could not have been obtained prior to conviction, namely that the victim allegedly recanted, telling her mother that Clark was not the perpetrator; it was her uncles.

{¶ 7} The trial court overruled Clark's updated petition. Regarding the claimed discovery of new evidence, the court noted that "the alleged recantations were made in November 2014. If he was not actually aware of the recantations, the Defendant could have been aware of the victim's recantations prior to entering his plea in February 2015." Clark appealed.

{¶ 8} In his second appeal, Clark made a similar claim that the information was not available to him prior to his plea, so he should have been entitled to post-conviction relief. *State v. Clark*, 2d Dist. Darke No. 2017-CA-14, 2018-Ohio-4042, ¶ 37. We affirmed the trial court's judgment, noting that "the victim's alleged recantation (in which, according to

the victim's mother, the victim did not unequivocally deny Clark's guilt, as Clark suggests) was within Clark's knowledge prior to his plea." *Id.* at ¶ 45. We concluded that his claim was barred by the doctrine of res judicata because he "failed to produce new evidence that rendered the judgment void or voidable. * * * In other words, his petition was barred by res judicata because it was not based on evidence outside his knowledge when he entered his *Alford* plea." *Id.* at ¶ 47.

{¶ 9} In June 2020, Clark filed a motion with the trial court to withdraw his guilty plea pursuant to Crim.R. 32.1, alleging newly discovered evidence. Clark claimed that he became aware of medical records in May 2020 that were "not included in the original discovery package." These records, Clark averred, contradicted statements made by the victim, and had he known about them at the time, he would not have pled guilty. In fact, he declared that the documents proved his actual innocence.

{¶ 10} In December 2020, the trial court denied Clark's motion to withdraw his plea. It found that the motion was "both untimely and an impermissible use of Criminal Rule 32.1," and therefore considered Clark's motion "as one for post-conviction relief pursuant to R.C. 2953.21." The court concluded that there was not any newly discovered evidence and that Clark had "failed to establish any manifest injustice in [his] conviction."

{¶ 11} On appeal, we once again affirmed, finding that the trial court did not abuse its discretion when it denied Clark's motion to withdraw his guilty plea. *State v. Clark*, 2d Dist. Darke No. 2021-CA-1, 2021-Ohio-2531, ¶ 31.

{¶ 12} Most recently, on January 5, 2024, Clark filed a "motion to set aside judgment" in the trial court. His motion argued that he had been coerced into accepting

the *Alford* plea and that he had been "unavoidably prevented" from discovering new evidence that "supports his adamant position of innocence[.]" The new evidence brought forth by Clark was an affidavit from a woman named Rachel Duncan who claimed to have heard the victim say that she "made the whole thing up." The trial court overruled Clark's motion, holding that this most recent claim was barred by res judicata.

**{¶ 13}** Clark has appealed and raises a single assignment of error.

### II.      Waiver and Res Judicata

**{¶ 14}** In his assignment of error, Clark makes two arguments. First, he argues that the trial court imposed an unlawful sentence because it "does not fall within the statutory range for the offenses as prescribed by the legislature[.]" Appellant's Brief at 2. This claim was not raised below.

**{¶ 15}** "It is axiomatic that a litigant's failure to raise an issue in the trial court waives his right to raise that issue on appeal." *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977), paragraph one of the syllabus; *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 21 (defendant forfeited his constitutional challenge by failing to raise it during trial court proceedings); *Gibson v. Meadow Gold Dairy*, 88 Ohio St.3d 201, 204, 724 N.E.2d 787 (2000) (party waived arguments for purposes of appeal when party failed to raise those arguments during trial court proceedings); *Stemple v. Dunina*, 2d Dist. Miami No. 2004-CA-40, 2005-Ohio-5590, ¶ 35 (litigant may not raise issue on appeal because the failure to raise it below waives any error).

**{¶ 16}** Appellate courts may, however, consider a forfeited argument using plain

error analysis. *Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 27. The plain error doctrine states that plain errors, or defects affecting the substantial rights of a party, may be noted even though they were not originally brought to the attention of the court. *State v. Elson*, 10th Dist. Franklin No. 13AP-554, 2014-Ohio-2498, ¶ 31. To be successful, the appellant must demonstrate that without the error, the "outcome of the trial clearly would have been otherwise." *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus.

{¶ 17} Clark's initial appellate argument that his sentence was not within the statutory range called for by the legislature was not raised below. In the memorandum in support of his "motion to set aside judgment," Clark contended that he was actually innocent of the charges against him, and to buttress that claim, he attached an affidavit from Rachel Duncan, who asserted that she had witnessed the victim recant the accusations against Clark. There was no mention whatsoever of potential issues with Clark's sentence. Therefore, he has waived all but plain error, and the argument does not fare any better under that scrutiny.

{¶ 18} Clark's first obstacle is res judicata. It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or*

*could have been raised by the defendant * * * on an appeal from that judgment."* (Emphasis added.) *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Appellate courts review trial court decisions in the post-conviction relief context under an abuse of discretion standard. *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27. The term abuse of discretion is defined as a decision that is unreasonable, arbitrary, or unconscionable. *State v. Howard*, 2d Dist. Montgomery No. 26069, 2014-Ohio-4602, ¶ 8.

**{¶ 19}** Clark's contention on appeal that his 25-year sentence "does not fall within the statutory range for the offenses as prescribed by the legislature" does not require any outside-of-the-record evidence which would beget a post-conviction relief petition; therefore, it could have and should have been raised on direct appeal and is barred by res judicata. It also fails on the merits.

**{¶ 20}** Clark was convicted of five counts of sexual battery in violation of R.C. 2907.03(A)(5), which states that no person shall engage in sexual conduct with another when the offender is the other person's parent or stepparent. Normally, this offense a felony of the third-degree (punishable by up to 36 months in prison), but in Clark's case, it was elevated to a second-degree felony because his victim was less than 13 years of age. R.C. 2907.03(B). Under R.C. 2907.03(B), the statute provides that the offender should be sentenced to "one of the definite prison terms prescribed in division (A)(2)(b) of section 2929.14," which are 2, 3, 4, 5, 6, 7, or 8 years. Based on the statutory language, there was no error with Clark's 5-year prison terms; they were well within the range set forth by the legislature.

{¶ 21} The second argument made in Clark's assignment of error is that the trial court should have considered the 2023 Rachel Duncan affidavit. It appears he believes the court rejected the document on hearsay grounds, but a closer reading of the judgment entry reveals otherwise. The court below did refer to the Duncan affidavit as "hearsay," but Clark's petition was rejected on res judicata grounds.

{¶ 22} "Res judicata applies to any claim that was raised or could have been raised in a prior petition for postconviction relief." *State v. Clemmons*, 2d Dist. Montgomery No. 28085, 2019-Ohio-2997, ¶ 25. Here, even though Clark reports that he received this latest affidavit in late 2023, it provides nothing new. It asserts the same information – that the victim had recanted – told by a new person. He raised this issue in a post-conviction filing in 2017, and we held that "the victim's alleged recantation (in which, according to the victim's mother, the victim did not unequivocally deny Clark's guilt, as Clark suggests) was within Clark's knowledge prior to his plea." *Clark*, 2d Dist. Darke No. 2017-CA-14, 2018-Ohio-4042, at ¶ 45. This is a repackaging of an old assertion and is barred by res judicata.

{¶ 23} Clark has waived any alleged sentencing error because he did not raise it in the trial court, and both the sentencing issue and his argument that he has new information in the form of a 2023 affidavit are barred by res judicata. The assignment of error is overruled.

### III.    Conclusion

{¶ 24} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.